*James Tillinghast & Hugh J. Carroll*, for respondents.

———

DANIEL P. WILLIAMS, Executor, *vs.* ROBERT S. KNIGHT *et als.*

A testator executed a will April 30, 1877, and died July 13, 1892.

The will provided, " I give . . . to my cousin M. . . . and to her children after her the sum of five thousand dollars."

*Held*, that the words " and to her children after her," were words of purchase and not words of limitation. Hence the gift was a life estate to M. with a remainder to the children of M. who were living at the death of the testator.

M. died November 9, 1888. Hence the remainders took effect at the testator's death.

M. left three children and also grandchildren, the issue of A. and B., two deceased daughters. A. died February 18, 1869, before the date of the will.

*Held*, that A.'s children took nothing under the will.

B. died April 13, 1885, after the date of the will.

*Held*, that under Pub. Stat. R. I. cap. 182, § 14, B.'s children took the share B. would have taken if she had survived the testator.

The word " children " denotes descendants of the first generation and will not

include grandchildren unless such inclusion is necessary to give effect to the will or to carry out the testator's intentions.

The will also provided, "I give to my cousins . . . E. and . . . and to their respective legal representatives one thousand dollars each."

*Held*, that the words " and to their respective legal representatives," were words of limitation and not words of purchase.

E. died October 5, 1887, intestate, leaving children, and no administration had ever been granted on E.'s estate.

*Held*, that under Pub. Stat. R. I. cap. 182, § 14, E.'s legacy should be paid in equal shares to E.'s children and not to an administrator to be appointed.

Probate Courts in Rhode Island have no jurisdiction over the adoption of persons of full age. Hence such an adoption is futile.

BILL IN EQUITY for instructions.

The thirty-sixth clause of the will of Mary Jane Sheldon, proven before the Municipal Court of the city of Providence, August 12, A. D. 1892, is as follows :

"I give and bequeath to my cousin Mary Spicer, wife of George T. Spicer, and to her children after her the sum of five thousand dollars."

The thirty-eighth clause is as follows :

"I give and bequeath to my cousins James R. Tyler, Ebenezer C. Tyler and Albert D. Tyler, sons of John Tyler, deceased, and to their respective legal representatives, one thousand dollars each."

The other facts involved are stated in the opinion of the Court.

*June* 28, 1893. ·MATTESON, C. J. This is a bill for instructions. The complainant, who is the executor of the last will and testament of Mary Jane Sheldon, deceased, desires the instruction of the court respecting the payment of certain legacies bequeathed in the will.

The will bears date April 30, 1877. The testatrix died July 13, 1892.

By the thirty-sixth clause of the will, the testatrix gives and bequeaths to her cousin, Mary Spicer, wife of George T. Spicer, and to her children after her, $5,000. Mary Spicer died November 9, 1888, leaving three children surviving her, viz.: William A. Spicer, Henry R. Spicer and Celia S. Peckham, wife of Charles S. Peckham, who claim as such to be entitled, each to one third of the bequest. Besides these

children who survived her, Mary Spicer had two daughters,
viz.: Mary Amelia, who married Robert B. Chambers and
died February. 18, 1869, leaving one child, her son, William
S. Chambers, a respondent to the bill; and Elizabeth A.,
who married Jenison C. Hall and died April 13, 1885, leav-
ing two daughters, Mary S. Hall, who died May 4, 1886, and
Amelia S. Hall. William S. Chambers and Amelia S. Hall
claim to be entitled to share in the bequest as representing
their respective mothers. The question presented for decis-
ion is, whether the legacy shall be paid to the children of
Mary Spicer, who survived her, and who were living at the
decease of the testatrix, or to the children of Mary Spicer,
who survived her and the children of her daughters who died
before their mother and before the testatrix.

Counsel for William S. Chambers and Amelia S. Hall calls
attention to the fact that in several other clauses of the will,
the testatrix uses the words, "children after her," and asks
us to infer from such frequent use that these words were
used with a merely formal intent, as words of limitation; as
were the words, "legal representatives," coupled with the
names of legatees in several other clauses, because the testa-
trix deemed them necessary to vest an absolute estate in
Mary Spicer, and, therefore, that Mary Spicer took an abso-
lute estate in the legacy, and having died before the testa-
trix, his clients are entitled, as her lineal descendants, to
share in the legacy, by virtue of the provisions of Pub. Stat.
R. I. cap. 182, § 14, as follows: "Whenever any child,
grandchild, or other person having a devise or bequest of
real or personal estate shall die before the testator, leaving a
lineal descendant, such descendant shall take the estate, real
or personal, as devisee or legatee, in the same way and man-
ner as such devisee or legatee would have done in case he
had survived the testator." We see no sufficient reason for
making the inference, which counsel seeks to have us draw.
On the contrary, we think it is a more natural and reason-
able construction to give these words the meaning which
they ordinarily bear, and to suppose that the testatrix used
them in that sense.

The word children as it is ordinarily used in a will means immediate descendants, that is, of the first generation. It does not include grandchildren unless it is necessary to give it that meaning in order to give effect to the will, or unless the testator has clearly shown by other language in his will that he does not use the word in its ordinary sense, but intends it to have a more extended signification. *Tillinghast, Trustee,* v. *DeWolf and others,* 8 R. I. 69, 73; *Winsor* v. *Odd Fellows' Association,* 13 R. I. 149, 150; *Guthrie's Appeal,* 37 Pa. St. 9, 14; *In the Matter of Saunders,* 4 Paige, 293, 296; *Annable* v. *Patch,* 3 Pick. 360, 363; 3 Amer. & Eng. Encyc. Law, 231, note 1, 232, note 1; 1 Roper on Legacies, 68. In the case of the bequest before us, it is not necessary in order to give effect to the disposition to construe the word children as including grandchildren, nor do we find language in the will to indicate such an intention on the part of the testatrix. Consequently we are of the opinion that the word children is to be regarded as a word of purchase and not of limitation. This being so, the effect of the language in the bequest, had Mary Spicer survived the testatrix, would have been to create a life interest in her, with a remainder in her children who were living at the decease of the testatrix, the words "after her," denoting the time when the interests in the remainder were to take effect, instead of restricting the interests to such children as should survive the life tenant. As, however, Mary Spicer died before the testatrix, the life estate in her did not take effect, but the legacy passed immediately to the legatees in remainder. But for the statute, quoted above, these legatees in remainder would have been only such children of Mary Spicer as survived the testatrix, since the interests of such as had died before the testatrix would have lapsed. The statute prevented the lapsing of the share of any child of Mary Spicer who would have taken a share of the legacy if such child had survived the testatrix and vested it in the lineal descendant of such child. It follows, therefore, that as Elizabeth A. Hall would have taken a share of the legacy if she had survived the testatrix, and as she died leaving a lineal descend-

ant, who is still living, viz.: Amelia S. Hall, that the said Amelia is entitled, as her lineal descendant, to the share which she would have taken had she outlived the testatrix. On the other hand, as Mary Amelia Chambers, the mother of William S. Chambers, not only died before the testatrix, but also before the making of the will, so that there was no bequest to her in the will, he is not within the provision of the statute, and inasmuch as the word children, as we have already seen, does not include grandchildren, is not entitled in any view that can be taken of the bequest to share in the legacy.

We, therefore, decide that William A. Spicer, Henry R. Spicer, Celia S. Peckham and Amelia S. Hall are each entitled to one fourth of said legacy of $5000.

By the thirty-eighth clause of her will, the testatrix gave and bequeathed to Ebenezer C. Tyler and his legal representatives, $1000. He died October 5, 1887, intestate, and no administration has ever been granted on his estate. He left surviving him his widow, Abby A. Tyler, and five children, viz.: Ebenezer C. Tyler, John M. Tyler, Oliver C. Tyler, Samuel M. Tyler and Emma E. Tyler. The question concerning which instruction is asked is, whether the legacy is to be paid to such administrator on the estate of the intestate as may hereafter be appointed, or to his next of kin, and if to his next of kin, whether his widow is to be included, or to his lineal descendants. We are of the opinion that the words, "legal representatives," are to be construed to be merely words of limitation, and not of purchase, and, therefore, that the legacy is not to be paid to the administrator of Ebenezer C. Tyler, if one should be appointed, but that as he died before the testatrix, the provision of the statute, quoted above, applies and that the legacy should be paid in equal shares to his five children named above.

We are of the opinion that the attempted adoption, by John Loveland and Sarah Loveland, of Georgie L. Langworthy, on December 1, 1873, who was at that date of full age, had no legal effect, since probate courts in this State have no jurisdiction over a proceeding for the adoption of

persons of full age, *Moore, Petitioner*, 14 R. I. 38, and, therefore, that such attempted adoption did not in any way affect the right of the said Georgie L. Langworthy to share with the other lineal descendants of George W. Sheldon in the residuary legacy to him and others.

The situation of the case is not such as to enable us to give the instructions requested in relation to the bequests contained in the fourth and eighth clauses of the will.

*Robert W. Burbank*, for complainant.

*Elisha C. Mowry & Livingston Scott*, for respondents.