164  338
183  482

## Jacob H. Anderson et al. v. Samuel Anderson et al., Appellants.

*Will—Life estate.*

Testator devised all his real estate to his three sons, naming them, " during their natural lives, and for their support and maintenance," without " power to sell, divide, dispose of or alienate the aforesaid land, nor shall it in any way be subject to sale, levy or execution for any debt or debts contracted by them, or either of them." Should they die without issue, then their interest in the rents, interest and profits of the land should " be vested in the survivor, or survivors, during their natural life." Testator further directed as follows: " Should any of my aforesaid sons, James, George and Joseph, leave lawful issue, it is my will that said law-

ful issue enjoy the absolute right and title the interest of which the parent of said lawful issue enjoyed, of a life estate to one third of the whole, and should the aforesaid James, George and Joseph or either of them die without lawful issue, then it is my will that the right of them or either of them descend to my lawful heirs." *Held,* that the three sons took a life estate only in the land.

Argued Oct. 1, 1894. Appeal, No. 3, Oct. T., 1894, by defendants, from judgment of C. P. Westmoreland Co., Nov. T., 1892, No. 432, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Partition for one third interest. Before DOTY, P. J.

At the trial it appeared that William Anderson died in 1850 seized of the land in question, leaving to survive him a widow and eight children. The widow is now dead, and the children died as follows: James died first, intestate and without issue; Robert died second, intestate and without issue; John died third, intestate and leaving to survive him six children, who are plaintiffs herein; May died fourth, intestate and without issue; George died fifth, without issue, and Joseph died sixth, without issue. The only survivors are Samuel and Rebecca, the defendants, who claim the fee under the joint will of George and Joseph.

William Anderson devised the farm as follows: " I give and bequeath unto my beloved wife, Nancy, during her natural life, the farm on which I now reside, in the township aforesaid, and also all my personal property of every kind and description, and at the death of my aforesaid wife, Nancy, I give and bequeath to my sons, James, George and Joseph, all my real estate, being the farm on which I now reside, during their natural lives and for their support and maintenance, subject to the reservations and restrictions hereinafter mentioned, that is to say it is my will that all my unmarried children shall have right to live on the farm and in the mansion house so long as they remain unmarried and choose to live on the farm; it is further my deed and will that my aforesaid sons, James, George and Joseph, in view of their infirmities and mental weakness, shall not have power to sell, divide, dispose of or alienate the aforesaid land, nor shall it in any way be subject to sale, levy or ex-

ecution for any debt or debts contracted by them or either of them. Should my aforesaid sons, James, George and Joseph, or either of them, die without issue, then it is my will that the land aforesaid, or their interest (which is to each of them one third of the whole), in the rents, issues and profits of the same, be vested in survivor or survivors, during their natural life. Should any of my aforesaid sons, James, George and Joseph, leave lawful issue, it is my will that said lawful issue enjoyed the absolute right and title, the interest of which the parent of said lawful issue enjoyed, of a life estate to one third of the whole, and should the aforesaid James, George and Joseph, or either of them, die without lawful issue, then it is my will that the right of them or either of them descend to my lawful heirs."

Verdict directed for plaintiff and judgment thereon. Defendants appealed.

*Error assigned* was above instruction, quoting it.

*J. B. Keenan* and *H. P. Laird,* for Samuel Anderson, and *Silas A. Kline* for Rebecca Rings and Peter Rings, appellants, cited: Arnold v. Jack, 24 Pa. 57; Jones v. Cable, 114 Pa. 586; Wood's Ap., 18 Pa. 478; Stewart's Est., 147 Pa. 383; Bell's Ap., 147 Pa. 389; Riehl's Ap., 54 Pa. 97; Buzby's Ap., 61 Pa. 111.

*John F. Wentling, David A. Miller* with him, for appellees.

PER CURIAM, Oct. 15, 1894:

The subject of this action of partition is a farm of one hundred and forty acres owned in fee by William Anderson,—grandfather of the beneficial plaintiffs,—who died in 1850, seized thereof and testate, leaving to survive him a widow, since deceased, and eight children. Four of said children, James, Robert, John and Mary, died intestate in the order named, and all without issue, except John who left to survive him six children,—the beneficial plaintiffs. Afterwards, other two of said children,—George and Joseph,—died testate, in the order named. The only survivors of said eight children are Samuel and Rebecca, defendants, who claimed the land in

fee under the joint will of George and Joseph. The plaintiffs, through their deceased father, etc., claimed the one undivided third of the land in fee; and judgment therefor was entered in their favor.

Without reciting the devising clauses of William Anderson's will, we are of opinion that, upon a proper construction thereof, in connection with the facts above stated, the court was clearly right in reaching the conclusion embodied in its judgment, and that the latter should not be disturbed. We are also of opinion that the interest given to testator's sons, James, George and Joseph, was merely a life estate in the land, to them and the survivors and survivor of them, and hence the defendants, Samuel and Rebecca, took nothing under the joint will of their brothers George and Joseph.

It is unnecessary to elaborate either of these conclusions. They are in full accord with the intention of the testator as expressed in his will.

Judgment affirmed.