E. F. BROWN ET AL., Appellants, v. EUGENE BROWN ET AL., Appellees.

**Deeds:** CONSTRUCTION: CONDITIONAL LIMITATIONS: RULE IN SHELLY'S CASE. A conditional conveyance to a grantee "during her natural life, and at her death to her children or to their lineal descendants," and providing that upon performance of the conditions by the grantee the title at her death shall vest absolutely in her lineal descendants, does not vest a fee in the grantee even under the rule in Shelly's case, since the word "children" is one of purchase and not of limitation, and the evident intent being to convey to the grantee a life estate such word should not be construed the equivalent of "heirs."

*Appeal from Wayne District Court.*— HON. H. M. TOWNER, Judge.

WEDNESDAY, OCTOBER 19, 1904.

SUIT in equity to quiet plaintiffs' title to certain real estate in Wayne county. Defendants' demurrer to the petition was sustained, and plaintiffs appeal.— *Affirmed.*

*Will B. Barger* and *Miles & Steele,* for appellants.

*Livingston & Son* and *Freeland & Evans,* for appellees.

DEEMER, C. J.— Plaintiffs and the defendants are the children and heirs at law of one Angelina Brown, who died testate in November of the year 1902. By the terms of her will she devised her real estate to the plaintiffs, and gave to the defendants each a small legacy, as and for their full share of her estate. Plaintiffs contend that at the time of testatrix's decease she was the owner in fee of the real estate in question, in virtue of a deed therefor from her mother, Sarah Ann Campbell, of date September 23, 1886, the material parts of which read as follows: .

I, Sarah Ann Campbell, widow of Morton, Tazewell county, State of Illinois, for love and affection do hereby convey to as a free gift, said gift being in value $5,000.00, to Angelina Brown, my daughter, during her natural life, and at her death to her children, or to their lineal descendants, [the land in controversy]. This conveyance is made upon the condition, that the said Angelina Brown shall not lease except annually, or otherwise encumber said land and premises, or any part thereof during her natural lifetime; that the said Angelina Brown personally or by agent, shall annually pay the taxes on said land as they accrue and send the receipts thereto [the said receipts being in the name of. the said Angelina Brown] to the grantor or to her appointee, said receipts to be forwarded to the grantor Sarah Ann Campbell or her appointed agent, at least four weeks prior to the tax sale in the said county of Wayne, for the year such receipts cover, during the life of said Angelina Brown. Upon a breach of all or any one or either of the foregoing conditions, this conveyance shall be absolutely void, and the grantor or her heirs, executors or administrators, shall have the right to take possession of said land without being liable for any improvement that may be put thereon in the meantime, but if the said grantee, Angelina Brown, shall fully keep and perform each and all of the above-expressed conditions during her lifetime, then at her death the title to

said land shall hereby vest absolutely in the lineal descend-·
ants of said Angelina Brown. ·

Plaintiffs contend that under the rule in Shelley's Case
this deed vested a fee-simple title in their mother, and that
they took the same title under her will; while defendants
argue that the rule in Shelley's Case is not in force in this
State, and that if it is in force, the facts do not bring it
within that rule; and that they, as children of Angelina
Brown, are entitled to a share of the estate under and by
virtue of the terms of Sarah Ann Campbell's deed.

The issues of law thus defined are sharp and clear, and
the case must be solved by interpreting the deed to Angelina
Brown, which we have just set forth. The conveyance on
its face is of a life estate to Mrs. Brown, and at her death
to her children, or to their lineal descendants; and in the
clause referring to conditions subsequent it is provided that,
if kept and performed by the said Angelina Brown during
her lifetime, at her death the property should vest absolutely
in her lineal descendants. It was also provided that she
should not lease except annually or otherwise encumber the
lands, and· that she should pay the taxes thereon.

It is apparent that the grantor did not intend to vest a
fee in Angelina Brown, and that her object and purpose was
to convey a life estate to her, and to so protect the lands that
Mrs. Brown's children or their lineal descendants should
take the remainder after the life estate in fee. ·

Whether or not the rule in Shelley's Case is in force in
this State is a question upon which the members of this
court are not agreed; but, conceding *arguendo* that it is,
the point remains, is the language used in the deed from
Mrs. Campbell such as to bring the case within that rule?
· The conveyance is plainly of a life estate to Mrs. Brown,
and at her death the land was to go to her children, or to
their, and not her, lineal descendants. True, in the last
clause of the deed it is said that if she should fail to comply
with the conditions that the land should pass to her (Mrs.

Brown's) lineal descendants.    The modern rule requires a
consideration of the whole deed, and a finding of repugnancy
will be avoided whenever all the provisions of the instru-
ment may, without ignoring accepted canons of construction,
be given force and effect.    *Beedy v. Finney,* 118 Iowa, 276.

Applying this rule, it is apparent that there was no
intention on the part of the grantor to enlarge the estate
granted by the words used in the *habendum* clause.    That
the granting clause may be controlled by the *habendum* we
freely concede; but the intent of the maker to do so must
be clear, especially where, as in this case, the effect would be
to enlarge the estate granted to the first taker.

These clauses may all be easily harmonized, and when
read together it is apparent that the grantor did not intend
to convey the fee to Mrs. Brown.    So that we are brought
down to this precise inquiry:    Does a grant to one for life,
and at her death to her children, or to their lineal descend-
ants, convey a fee to the first taker?

The rule announced in Shelley's Case is a technical
one, and generally, or at least often, thwarts the grantor's
intent, and for this reason is almost everywhere strictly con-
strued.    Under that rule, if the first taker is given a life
estate, and the inheritance passes to his heirs, or to the heirs
of his body, either mediately or immediately, the first taker
receives the whole estate.    In such cases the words " heirs "
or " heirs of the body " are regarded as words of limitation,
and not of purchase.    But the word " heirs " is essential to
justify the application of the rule, just as it was at common
law to create an estate in fee simple.

The rule does not apply when the limitation is to
" children," for such word is one of purchase.    *Estate of
Utz,* 43 Cal. 200; *Cannon v. Barry,* 59 Miss. 289; *Gourdin
v. Deas,* 27 S. C. 479 (4 S. E. Rep. 64); *Myers v. Ander-
son,* 1 Strob. Eq. 344 (47 Am. Dec. 537); *Wilson v. Mc-
Junkin,* 11 Rich. Eq. 527; *Carrigan v. Drake,* 36 S. C. 354
(15 S. E. Rep. 339); *Gernet v. Lynn,* 31 Pa. 94; *Tyler v.*

*Moore,* 42 Pa. 374; (17 Atl. Rep. 216); *Jackson v. Jackson,* 127 Ind. Sup. 346 (26 N. E. Rep. 897).

Nor does it apply when the limitation is to the heirs or issue of the first taker and to their heirs; for in such cases there is evinced a purpose to create in the heirs of the first taker an estate in fee simple. *Smith v. Collins,* 90 Ga. 411 (17 S. E. Rep. 1013); *McIntyre v. McIntyre,* 16 S. C. 290; *Myers v. Anderson, supra; Dott v. Cunningham,* 1 Bay, 453 (1 Am. Dec. 624). It is almost universally held that the word " children " is a word of purchase, and not of limitation. *May v. Ritchie,* 65 Ala. 602; *Burns v. Weesner,* 134 Ind. 442 (34 N. E. Rep. 10); *Chapin v. Crow,* 147 Ill. 219 (35 N. E. Rep. 536, 37 Am. St. Rep. 213); *Baskett v. Sellers,* 93 Ky. 2 (19 S. W. Rep. 9); *Adams v. Ross,* 30 N. J. Law, 505 (82 Am. Dec. 237); *Rogers v. Rogers,* 3 Wend. 503, (20 Am. Dec. 716); *Hague v. Hague,* 161 Pa. 643 (29 Atl. Rep. 261, 41 Am. St. Rep. 900); *Ford v. Flint,* 40 Vt. 382; *Riggin v. Love,* 72 Ill. 553; *Rupert v. Penner,* 35 Neb. 587 (53 N. W. Rep. 598, 17 L. R. A. 824); *Bodine's Adm'r v. Arthur,* 91 Ky. 53 (14 S. W. Rep. 904, 34 Am. St. Rep. 162.). Indeed, the word " issue " has been held one of purchase. Jones on Real Property, section 578. Occasionally the word " children " has been held the equivalent of the word " heirs," but only where it was the manifest intent of the grantor that it should be so construed. *Chapin v. Crow, supra. Prima facie* the word is one of purchase. *Chrystie v. Phyfe,* 19 N. Y. 344; *In re Guthries' Appeal,* 37 Pa. 9; *Anderson v. Anderson,* 164 Pa. 338 (30 Atl. Rep. 304); *Williams v. Knight,* 18 R. I. 333 (27 Atl. Rep. 210). The instrument in this case does not indicate that the grantor used them in any other sense. As used in the deed in question, it is descriptive of a class who is to take the fee, or who in fact do take either a contingent or vested remainder by purchase. These rules are settled by the great weight of authority, both ancient and modern, and are in accord with sound principles of construction. Under them Mrs. Brown

did not take an estate in fee, but a life estate; and this she could not dispose of by will. The defendants as her children took a share of the property under the deed from Mrs. Campbell, and it is not material now whether that share was a vested or contingent one; hence we do not pass upon that proposition. There are a few cases which lend support to plaintiffs' theory, but they seem to turn upon peculiar facts, or to be ruled by a too strict construction of the rule in Shelley's Case. The statement as to the consideration for the deed, and as to the valuation put upon the property has no significance. Of course, if Mrs. Brown took a fee any restraints upon its alienation would be void; but these restraints are strongly indicative of the grantor's intent, and lend support to the conclusion that she did not use the word " children " as the equivalent of " heirs."

The ruling on the demurrer was correct, and the judgment is *affirmed*.