# Sheffield, *et al. v.* Franklin.

### *Ejectment.*

(Decided June 13, 1907. 44 South. 373.)

*Adoption; Who May be Adopted.*—Section 2367, Code 1886, usse the word "child" in the sense of relationship or status and not to infancy; and, hence, a person twenty-six years of age is subject to adoption.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN PELHAM.

Ejectment by Eliza Sheffield and others against R. B. Franklin. From a judgment for plaintiff, defendants appeal. Affirmed.

[Sheffield, et al. v. Franklin.]

INZER & MONTGOMERY, for appellant.—The use of the word "child" in section 367, Code 1896, and 2367, Code 1886, has reference to age and not to relationship.—1 A. & E. Ency. of Law, p. 204-5; *In re Moore,* 14 R. I. 38; *McGregor v. The State,* 4 Tex. App. 599; *Allen v. The State,* 7 Tex. App. 298; 29 Am. St. Rep. 210, 38 South. 140.

GOODHUE & BLACKWOOD, for appellee.—The word "child" used in the statute refers to relationship or status.—*Abney v. DeLoach,* 84 Ala. 398; *In re Moran,* 151 Mo. 557; *Markover v. Kraus,* 132 Ind. 294; *Collimore v. Learned,* 171 Mass. 99.

McCLELLAN, J.—This is a statutory action of ejectment by appellants against appellee. The affirmative charge was given for the defendant, appellee. The plaintiffs asserted their right to a recovery to be as heirs at law of Edna Franklin, deceased, and the defendant maintained his contention as grantee of John Franklin, not a natural heir at law of intestate, but who was, it is alleged, adopted by the said Edna in 1896; he being then 26 years of age.

The pivotal question in the case is: Was the adoption of the grantor of defendant by the intestate a valid act to effect the inheritance by John Franklin of the land and estate of Edna Franklin, deceased? The decision of the question depends upon the construction of section 2367 of the Code of 1886, in force at the time the adoption was undertaken. Appellants insist that the adoption was abortive, because the subject, John Franklin, was not an infant, in legal parlance, but an adult, at that time. The appellee contends that the section under consideration uses the word "child" as a term of relation, and not as indicative of age.

The section to be construed relates to a subject purely statutory, unknown to the common law—that of adoption of children; and to render a proper construction of the statute an understanding of the legal meaning and effect of such adoption will greatly aid. In the case of *Russell v. Russell,* 84 Ala. 51, 3 South. 900, it is said: "Adoption of children is 'an act by which a person appoints as *his heir* the *child* of another.' * * * 'To receive and to treat as a son or daughter one who is the child of another.' * * * 'To take into one's family as a son and heir; to take and treat as a child, giving a title to the *privileges* and *rights* of a *child.*'" (Italics supplied.) Reading the statute under the influence of these approved definitions, to draw its purpose in enactment, it necessarily results that the act of adoption fixes a status, to accomplish which minority is not essential, unless so limited by the terms thereof. In short, it is apparent that the intent of the section at hand was to provide a means "by which a person appoints as his heir the child of another." (*Abney v. De Loach,* 84 Ala. 398, 4 South. 757); and the result of the act to that end erected a status from which the rights of an inheritance naturally flow. Thus far there can be no dispute.

But here the controverted question arises: Do the terms of the statute limit the act to a person who is a child at the time of the attempted adoption? The word "child" has two generally understood meanings—one, that of relationship; and the other, minority. The inquiry here narrows to this: Does the word, as used in the statute, have reference to the former as a relational status, or to the age of the subject of the adoption? If the latter meaning be attributed to the word, it is a consequence that some line of demarcation between the childhood and youth, two periods in life, must

be drawn. Youth is specified by Webster to be the "part of life that succeeds childhood." The same author defines childhood, the state of being a child, as "the condition or time from infancy to puberty." So we may here say that the period of 21 years, fixed by law as the time when full legal powers and responsibilities attach, has no bearing in this instance. And, further, if the word is taken to declare the period of life of the subject of the adoption, and to prohibit an adoption of one not within that period at the time thereof, it is readily conceivable that the greatest uncertainty would attend the very serious relation, and its accompanying rights and privileges, attempted to be created by the act of adoption. The issue would often be, especially where considerable property interests were involved, whether at the time of supposed adoption the subject was a child. Surely no such condition of uncertainty was intended to be invited, if not actually created, by the enactment of this statute.

We do not think there can be any doubt that the legislative purpose in the use of the word "child" was to refer to the relation—the status. If the primal idea in the enactment of the statute is given due consideration —that clearly implied in the term "adoption"—it is not qualified in purpose or effect by the use of the word "child." It is true, in many senses, the word imports minority, infancy, the early years of life; but the lexicographers put, as its first meaning, that of relationship, and to give it that meaning conserves the end sought to be attained by the section, and also eliminates the effect of a limitation on the right of adoption. And it should be added that, had so important a limitation on the right of adoption as there created been in legislative contemplation, it would not have been wholly committed to the use of the word "child," the chief acceptation

of which is that descriptive relationship. The statute would be rendered so uncertain as to be practically nugatory if it were otherwise held. The reference in *Abney v. De Loach, supra,* to the question here considered is, as there said, dicta. *In re Estate of Moran,* 151 Mo. 555, 52 S. W. 377, in which that court, construing a practically similar statute, passed upon the question we have here, said: "The law has placed no limitation as to the age of the child to be adopted, and there is no reason why such a restriction should be placed on the choice of the adopting parent." To the same effect in *Markover v. Krauss,* 132 Ind. 297, 31 N. E. 1047, 17 L. R. A. 806. See, also, *Collamore v. Learned,* 171 Mass. 99, 50 N. E. 518.

It results that the judgment must be affirmed.

Affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

TYSON, C. J., and HARALSON and DENSON, JJ., entertain the opinion that the legislative purpose as shown by the statute was not only to fix the status or relation of the parties, but that it was to fix a limitation upon the right of adoption, and that it does in fact so limit it with respect to the kind of person who may be adopted, to-wit, a child. It seems to us clear that a mere casual reading of the statute is all that is required to show this. Its language is: "Any person desirous to adopt a *child* so as to make *it* capable of inheriting his estate, real and personal, or to change the name of *one* previously adopted, may make a declaration in writing, attested by two witnesses, setting forth the name, sex, and age of *the child* he wishes to adopt, and the name he wishes *it* thereafter to be known by, which, being acknowledged by the declarant before the judge of probate of the county of his residence, filed and recorded as

[Hickey v. McDonald Bros.]

in the two preceding sections, has the effect to make *such child* capable of inheriting such estate, and of changing *its name* to the one stated in the declaration." We have italicized the words which we think clearly show, when the whole context is read, that the person to be adopted must be a child. It does not seem to us that it could be possible to make language plainer descriptive of the person subject to adoption. The uncertainty which would follow from the holding, suggested by our Brothers as a reason justifying their construction of the statute, is imaginary, rather than real. If it be conceded that such consequences would flow, this would afford no sufficient reason for eliminating by construction the plain words of the statute. But no such serious results would be occasioned by our holding, since the word "child" can be and should be held to mean infant —a person under 21 years of age. Such a meaning does no violence to the statute and gives full effect and meaning to its language. The dicta in *Abney v. De Loach* was, in our opinion, correct. We therefore think the judgment appealed from should be reversed, instead of affirmed.