**NORTON et al. v. STARK et al.   (No. 11709.)**

Court of Civil Appeals of Texas. Fort Worth. Feb. 26, 1927.

**1. Adoption** ⟜1—**Adoption proceeding is statutory (Rev. St. 1925, arts. 42–46).**

Adoption is not common-law proceeding, and, in states adopting common law, proceeding depends entirely on statutes providing for it, such as Rev. St. 1925, arts. 42–46.

**2. Adoption** ⟜5—**Adult may be adopted; "child" (Rev. St. 1925, arts. 42–46).**

Rev. St. 1925, arts. 42–46, relative to adoption of "child," does not prohibit adoption of adult.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child–Children.]

**3. Adoption** ⟜8—**That person adopted was incorrectly named in adoption proceedings did not make proceedings invalid.**

That adopted person was incorrectly named in adoption proceedings did not make them invalid, where there was complete identification of person adopted; it not being necessary to state child's baptismal name or age.

**4. Wills** ⟜229—**Where deceased left no children other than adopted child, others had no interest justifying suit to set aside will (Rev. St. 1925, art. 43).**

Where deceased left no children except adopted child, and adoption was regular, such child could inherit all property under Rev. St. 1925, art. 43, so that others had no interest therein, justifying suit to set aside will.

Appeal from District Court, Cooke County; H. S. Holman, Judge.

Suit by Mrs. Gertrude Norton and others against Lucy Killgore Stark and others to set aside the will of William Killgore, deceased. A plea in abatement was sustained, and plaintiffs appeal on the transcript. Affirmed.

Slay, Simon & Smith, of Fort Worth, for appellants.

W. O. Davis and J. T. Adams, both of Gainesville, for appellees.

BUCK, J.  Mrs. Gertrude Norton, joined by her husband, and other parties plaintiff, sued Lucy Killgore Stark, formerly the wife of Wm. Killgore, individually and as executrix of the estate of said Wm. Killgore, and Mrs. Maggie Horton, a widow, and H. W. Stark, husband of first named defendant, and S. M. King, executor, to set aside the will of William Killgore, deceased, alleging that, at the time of making the will, said Killgore was mentally weak, and under the control and influence of his young wife, now Mrs. Stark. Plaintiffs alleged that Mrs. Horton, though claiming to have been adopted by William Killgore and wife, was not so legally adopted, in that said Maggie Horton at the time of the purported adoption was over 21 years of age, and that her true name of Maggie Holder was not given in the adoption papers and proceedings, but that the purported adoption papers mentioned her as Maggie Killgore; that in truth and in fact she had no legal right to such name. Plaintiffs claimed that they were the next of kin of said William Killgore, save his second wife and widow, now Mrs. Stark, and that as such next of kin they were entitled to share in the separate estate of their deceased kinsman.

The defendants filed their plea in abatement, alleging that Mrs. Maggie Horton was the duly adopted child and heir of said William Killgore, and that the plaintiffs had shown no interest in the Killgore estate. Evidence was evidently heard on the plea, and in the county court sitting in probate, and also on appeal to the district court, the plea was sustained. The plaintiffs have appealed on the transcript; no statement of facts being in the record.

There is in the transcript a certified copy of the written statement of Wm. Killgore and his wife, Mrs. Mary Killgore, evidently his first wife, whose death preceded that of Wm. Killgore by many years, as alleged by plaintiffs. This statement is as follows:

"Wm. Killgore and Wife to Adoption of Maggie Killgore, Lucy Killgore.

"The State of Texas, County of Cooke.

"Know all men by these presents: That we, Wm. Killgore and his wife, Mrs. Mary Killgore, of the county of Cooke and state of Texas, by this instrument of writing, do hereby adopt Misses Maggie Killgore and Lucy Killgore, two girls that we have raised and now living with us, and the said Maggie and Lucy Killgore are of the age of 23 and 22 years, respectively, as our legal heirs, hereby conferring upon them and each of them, all the right and privileges both in law and equity appertaining to this act of adoption as our legal heirs and as much so as if they were our own children.

"Witness our hands on this 24th day of September, A. D. 1897.     Wm. Killgore.
                                        "Mary Killgore."

This adoption agreement was duly acknowledged by both Mr. and Mrs. Killgore, and filed for record in the office of the county clerk September 24, 1897.

Appellees urge that, in the absence of a statement of facts, we are not authorized to consider this document. But we have con-

cluded to do so, and to discuss the two questions involved in this suit, to wit: (1) Can one adopt as a child and heir a person over 21 years of age? (2) Does the fact that the adopted child and heir's real name was not mentioned in the petition or statement of adoption invalidate the adoption proceedings?

[1, 2] Articles 42 to 46, inclusive, Rev. Civ. Statutes 1925, are the governing adoption laws in this state. Adoption is not a common-law proceeding, and in those states adopting the common law the proceeding depends entirely on the statutes providing for it. 1 Ruling Case Law, p. 593 et seq.; 1 Corpus Juris, p. 1370 et seq. It is held in some states, where the adoption statute speaks of the one adopted as a "child," as in our statutes, that it means a minor, and that an adult is not subject to adoption. See 1 Corpus Juris, p. 1376; A. H. G.'s Petition, 1 Wkly. Notes Cas. (Pa.) 576; Williams v. Knight, 18 R. I. 333, 27 A. 210; Sheffield v. Franklin, 151 Ala. 492, 44 So. 373, 12 L. R. A. (N. S.) 884, 125 Am. St. Rep. 37, 15 Ann. Cas. p. 90; Bartholow et al. v. Davies, 276 Ill. 505, 114 N. E. 1017, by the Supreme Court of Illinois. But the majority of the states seem to have construed statutes using the word "child" as permitting the adoption of an adult. See the above digests and authorities, and Sheffield v. Franklin, 151 Ala. 492, 44 So. 373, 12 L. R. A. (N. S.) 884, 125 Am. St. Rep. 37, 15 Ann. Cas. 90, and other cases adhering to this view in above digests, including cases from Alabama, Missouri, Louisiana, Massachusetts, Indiana, etc. Our state in Mellville v. Wickham, 169 S. W. 1123, by the Galveston Court of Civil Appeals, agrees with this holding. We see no reason why, under the wording of our statute, an adult may not be adopted as a "child" and heir. The use of the word "child" does not necessarily imply that the one subject to adoption must be a minor, but is but a term to express the relation between the person adopted and the one adopting as to the right to inherit the latter's property. We do not think that the adoption of Maggie Killgore, or Maggie Holder, may be voided by reason of the fact that she was, at the time of the adoption, an adult, even if the evidence shows she was.

[3] Nor do we think there is any fatal defect or variance in the adoption proceedings by reason of the fact that the adopted person was named as Maggie Killgore instead of as Maggie Holder. The petition or statement says she was reared by the adoptive parents, and was probably known by the name of Maggie Killgore. So long as the agreement, or deed, or adoption proceedings, contains a complete identification of the one sought to be adopted, it is sufficient. 1 C. J. 1381. It is not necessary that it state the child's baptismal name or age.

[4] If the adoption of Maggie Killgore Horton was regular, she would be the heir of Wm. Killgore just as if she were his natural child. Since Killgore left no children except this adopted child, in so far as the plaintiffs were concerned, she would have inherited all his property. Article 43, Rev. Civ. Statutes, 1925. Therefore we think the trial court did not err in sustaining the plea in abatement, and the judgment below is affirmed.