## LEMUEL A. DREW *v.* CHARLES RUSSELL.

*Mandamus.    Court Auditor.*

Writ of *mandamus* denied, to compel a court auditor to audit a jailor's account against the state, for keeping a person committed to jail under the vagrant act of 1864.

PETITION FOR MANDAMUS, to compel the respondent, court auditor for the county of Chittenden, to audit the relator's account against the state, for keeping one Carrie Flanders, a citizen of New York, in the jail of said county, whereof the relator was keeper, the said Carrie having been committed to said jail by the

city court of the city of Burlington, under the vagrant act, approved November 3, 1864.

*R. H. Start* and *E. R. Hard*, for the relator.

—— ——, for the respondent.

The opinion of the court was delivered by

REDFIELD, J. This is a petition for a writ of mandamus, to be directed to the defendant as court auditor for this county, requiring him to audit and allow a claim against the state for the board of one Carrie Flanders, committed to jail in said county, and into the custody of the relator as keeper of said jail, under the vagrant act of 1864.

The said Carrie was not a state pauper, for she was not confined in jail " on civil process." Gen. Sts. ch. 20, § 36. The 2d sec., ch. 124, provides that " all fines and penalties which shall be imposed on any person for any offence, together with the costs, unless the same be otherwise disposed of by express law, shall, if the prosecution be commenced and tried before a justice, belong and be paid to the treasury of the town in which the offence shall be committed ; and if commenced and tried before the county or supreme court, the same shall belong and be paid to the treasurer of the state." The 4th sec. declares that " the costs of prosecution for the breach of any penal law, or for any other offence, shall be paid out of the treasury to which the penalty by law belongs." And the cost of supporting a prisoner in jail is part of the costs of prosecution. Gen. Sts. ch. 124, § 25.

The writ cannot be properly allowed, unless it was the *duty*, by law, of the defendant to audit and allow the claim against the state treasury. It is not insisted that such duty is enjoined by any distinct and positive requirement of the statute. The duty of a court auditor is ministerial ; he is to " audit the accounts of the sheriff, state's attorney, and clerk, and all such as arise out of inquests of the dead and the prosecution of crime, including the maintenance of state prisoners and state paupers." And all this is but certifying services by the fee-bill provided by statute, and

under the rules and regulations prescribed by the auditor of accounts. Ch. 12, § 102, & ch. 8, § 47–8. The auditor of accounts has the *general* jurisdiction and authority, and is to audit and adjust all claims against the state where discretion is exercised, and may control the action of the court auditors. Ch. 8, § 48.

The provision is general that town treasuries shall bear the burdens and receive the income arising from the prosecution of crime before justices of the peace ; and the city court of Burlington is invested with the same judicial powers as justices of the peace. Gen. Sts. p. 1040. The provision of the statute in regard to " vagrants," is summary, and gives no appeal. The jurisdiction of justices of the peace is entire and absolute. They may, by their warrant, commit all persons, male or female, " who are idle, not having *visible* means to maintain themselves, and live without employment," for the term of six months. There can be no question that the jurisdiction is solely that of a justice of the peace, extraordinary as it may seem. There is no general provision of the statute, requiring costs arising from the prosecutions of offences to be paid out of the treasury of the state in case there is no special provision of law, and no *discretion* is given to court auditors ; and they are restrained by regulations prescribed by the auditor of accounts ; and such regulations forbid the auditing and allowance of this class of claims by court auditors, which they could not, properly, disregard, unless the *duty* was imposed upon them by the statute. We think no such duty is imposed upon them by law ; and that the petitionee was in the line of his duty in conforming to the regulation and requirement of the auditor of accounts.

This is not strictly a penal statute. The penalty is imprisonment, and cannot easily be " paid " into the treasury of the town ; but there is no color or ground of claim that it is a proceeding in the " county or supreme court." It is a police regulation, to be enforced by municipal agencies, for the preservation of order and peace in the several towns, and in all respects except the character of the punishment, must stand with other provisions of the statute enforced by magistrates for the benefit and at the expense of the several towns. The term in the statute, " penal law," is

more generally used to indicate a law which imposes a *fine* for its breach; but in a strict sense, a *penalty* is the punishment and retribution for crime. Shakspeare speaks of "the *penalty* and forfeit of my bond"; Milton speaks of "penal fire," and the "penalty of death;" and our statute prescribes an oath—"under the pains and *penalties* of perjury." The "*penalty*" for this offence is imprisonment in the county jail for a term not exceeding six months. Other penalties may be, and, before justices, usually are, *fines*, and imprisonment as a means of enforcing the penalty. Yet the expense of the commitment and board of such prisoner is cast upon the towns where the offence was committed. And although it cannot be properly said the penalty, in this case, "belongs to" the town, yet it is a "penalty imposed by a justice." The offence is petty and local, and pertains, under the general provisions of the statute, to the local interests of the town, rather than the state at large. It was the purpose of the law that towns should have the burden and benefit of guarding themselves against petty offences; and withdraw from them the power of converting their paupers into criminals, and thereby imposing the burden of their support upon the state.

The writ is therefore denied, and the petition is dismissed with costs.