JOSEPH BAYLIES

*v.*

JOSEPHINE M. CURRY.

*Filed at Ottawa May 16, 1889.*

1. COLORED PERSONS—*civil rights—access to theaters, etc.—discrimination on account of race or color.* All persons in this State are entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of theaters, etc., subject only to the conditions and limitations established by law, and applicable to all citizens, and an action will lie against any one who shall deny another such rights and privileges on account of his race or color.

2. So if the proprietor of a theater shall deny a colored person access to his theater, or to the several circles or grades of seats therein, on account of his race or color, he will be liable to such person so aggrieved in an action for damages.

3. In an action by a colored woman, against the proprietor of a theater, for denying her equal privileges, etc., the only case her evidence tended to prove was, that after having paid, through another, for a ticket to the first balcony, she was first denied admission thereto, and afterward denied admission to any part of the theater, on account of her color. On the trial, the defendant offered to prove that he had adopted a rule requiring colored people to sit in the same row, separate from white people, and that it was the rule of his theater that colored persons were given the same advantages, for the same price, in all parts thereof, that whites had, except that the former were assigned a particular row of seats,—which the court refused to allow: *Held*, that the court ruled properly, as the proposed evidence was irrelevant to the issue.

4. SAME—*constitutionality of the act.* It can not reasonably be contended that the provisions of "An act to protect all citizens in their civil and legal rights, and fixing a penalty for violation of the same," approved June 10, 1885, in so far as they give an action against the proprietor of a theater for denying a colored person access thereto, are void, as being repugnant to the constitution of this State or of the United States.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

288      Baylies *v.* Curry.

Statement of the case.    Brief for the Appellant.

This was an action brought in the circuit court of Cook county, by Josephine M. Curry, a woman of color, against Joseph Baylies, proprietor of the People's Theater of Chicago, for denying her the full and equal enjoyment of the accommodations, advantages, facilities and privileges of the theater whereof he was proprietor, under the act entitled "An act to protect all citizens in their civil and legal rights, and fixing a penalty for violation of the same," approved June 10, 1885. (Laws of 1885, p. 64.) The defendant pleaded not guilty. The jury found the defendant guilty, and assessed the plaintiff's damages at $100. The circuit court overruled a motion for a new trial, and gave judgment upon the verdict of the jury, and this judgment, on appeal to the Appellate Court for the First District, was affirmed. The case is now brought to this court by appeal from that judgment.

Messrs. McCurdy & Job, for the appellant:

Under the common law, common carriers could not separate negroes and white persons from mere caprice or race prejudice; but if the intention was to prevent conflicts, and to preserve order and decorum, a rule by which colored persons were required to occupy seats separate from white persons, equally desirable and comfortable, has been held to be reasonable and lawful. *Railroad Co.* v. *Williams*, 55 Ill. 186; *Railroad Co.* v. *Miles*, 55 Pa. 211; "*The Sue*," 22 Fed. Rep. 843; *Logwood* v. *Memphis*, 23 id. 319; *Hall* v. *De Cuir*, 95 U. S. 487.

As to the construction and constitutionality of the act in question, see Desty on Federal Procedure, (6th ed.) 781; *Hall* v. *De Cuir*, 96 U. S. 499; *De Cuir* v. *Benson*, 27 La. Ann. 5; *Sauvinet* v. *Walker*, id. 14.

The rule of the theater does not discriminate against colored people, but operates upon both whites and blacks. *Chase* v. *Stephenson*, 71 Ill. 383; *People* v. *Board of Education*, 101 id. 310; *People* v. *Gallagher*, 93 N. Y. 341; *State* v. *Duffy*, 7 Nev. 345; *Ex rel. Hobbs & Johnson*, 1 Wood's C. C. 537.

Appellant filed in the court below a motion in arrest of judgment, which the court overruled. We insist this was error. The record discloses a declaration in case, of four counts, each of which is framed upon the statute in question, concluding against the form of the statute. This statute is penal. *St. Louis* v. *Hill,* 11 Bradw. 248.

Debt will lie on a penal statute where the form of action is not therein specified. *Vaughan* v. *Thompson,* 15 Ill. 39 ; *Kerr* v. *Davis,* 38 Tenn. 73 ; *Blackburn* v. *Baker,* 7 Port. (Ala.) 290.

In the case of the party grieved, where a statute prohibits the doing of anything, under a penalty, to be paid to the party aggrieved, and does not prescribe the mode of recovery, it shall be recovered in an action of debt. Espinasse on Penal Actions, 57.

Case will not lie on such a statute. *Mount* v. *Hunter,* 58 Ill. 247.

Mr. EDWARD H. MORRIS, for the appellee :

Appellee's cause of action arose from the act of appellant in absolutely refusing to sell her any seat in his theater because of her color, and not, as contended by appellant, in denying her a particular one ; and because of this, so far as this case goes, the question so ably discussed by counsel, as to the right of appellant to provide colored people with seats equally as good as the ones given to white persons, does not arise.

The statute is a just and proper exercise of the police powers vested in the State, and in no way violates the property rights protected by the constitution. *Joseph* v. *Bidwell,* 28 La. Ann. 382 ; Cooley's Const. Lim. 734.

Providing accommodations equally as good, is not a compliance with a statute which provides that there shall be no discrimination or exclusion on account of color. It is merely "an ingenious attempt to evade a compliance with the obvious meaning of the requirements" of the law. *Railroad Co.* v. *Brown,* 17 Wall. 445.

19—128 Ill.

Such was the construction placed upon an act of Louisiana, which provided that proprietors of street cars, stage coaches, etc., should make no discrimination on account of race or color. *De Cuir* v. *Benson,* 27 La. Ann. 1; *Sauvinet* v. *Walker,* id. 14; *Hart* v. *Hoss,* 22 id. 517.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The case made by appellee's evidence, as stated in the printed argument presented to us by appellant's counsel, is: "On Sunday evening, June 6, 1886, appellee (who is a colored woman) applied to the box-office of appellant's theater for tickets, and was refused them; that she then procured a white customer of her husband to get tickets for her; that with these tickets she and her husband entered the theater and ascended to the balcony, where they were refused seats by the usher because the seat coupons had been torn from their tickets, which was done by the door-keeper; that the usher referred her to the door-keeper, the door-keeper to the box-office, and that at the box-office her money was returned and she and her husband went away." To this must be added, appellee testified that the gentleman in the ticket office, who, she says, "looked like Mr. Baylies, throwed the money at me, swore, and said he didn't want no damned niggers in there; told me to take my crowd and get out." This, it is true, is contradicted by evidence on behalf of appellant; but since there is no evidence tending to show that appellee was otherwise deprived of the "full and equal enjoyment of the accommodations, advantages, facilities and privileges" of the theater than as thus detailed by her, the jury must have found that the evidence preponderated in behalf of her statement, and the judgment of the Appellate Court, affirming the judgment of the circuit court, requires us to accept that view of the facts.

Appellant, upon the trial, offered to prove that he had, in order to avoid collision between the races, adopted a rule, (and

that such rule was necessary,) to the effect that the colored people should have one row to themselves in each part of the house, or as many rows as the tickets which they bought would call for; but the court refused to allow the evidence to be given. He also offered to prove that it was the rule of his theater that colored persons were given the same advantages for the same price, in all parts of this theater, that white persons had, with the exception, only, that the colored persons were assigned to a particular row of seats; but the court refused to allow the evidence to be given. Appellant also asked the court to give to the jury, among others, the following instructions, but the court declined to do so, namely:

"3. The jury are instructed that the defendants were legally justified in assigning colored persons to seats in the theater of defendant, Baylies, separate and apart from the seats of white persons, provided the seats to which such colored persons were assigned were equally comfortable and well situated.

"5. You are instructed, as a matter of law, that the proprietor or manager of a theater has the right to make such reasonable rules as he may see fit, regarding the seating of the occupants of his theater, or the disposition, arrangement or classification of tickets sold to different persons or classes of persons, provided such rules are reasonable, and do not discriminate against any certain class or race of people as regards the prices and location of such seats."

Exceptions to these rulings present the only question that we are now required to consider.

It would seem too plain to admit of serious controversy, that the circuit court ruled properly, because the evidence offered and the instructions asked were irrelevant to the issue being tried by the jury. Appellee offered no evidence tending to show that appellant or his servants seated or offered to seat her in the same row with other colored people, against her objection, nor did appellant introduce or offer to introduce

such evidence. The only case her evidence tended to prove was, that after having paid, through another, for the requisite ticket to the "first balcony," she was first denied admission thereto, and afterwards denied admission to every part of the theater, because of her color. The rule requiring colored people to sit in the same row, separate and apart from white people, manifestly had no tendency to justify either of these exclusions.

Beyond all question, sections 1 and 2 of the "Act to protect all citizens in their civil and legal rights, and fixing a penalty for violation of the same," approved June 10, 1885, (Laws of 1885, p. 64,) prohibit the denial of access to the theater and to the several circles or grades of seats therein because of race or color, for such is, in effect, the language employed. The first section says: "All persons within the jurisdiction of said State shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of * * * theaters, * * * subject only to the conditions and limitations established by law, and applicable alike to all citizens." The second section says: "Any person who shall violate any of the provisions of the foregoing section, by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, * * * shall for every such offense forfeit and pay a sum not less than twenty-five (25) dollars, nor more than five hundred (500) dollars, to the person aggrieved thereby."

It would be difficult to employ more comprehensive and sweeping language to abolish all distinctions in accommodations, facilities, privileges or advantages in theaters on account of race or color, than that thus employed. But it is enough for the present that it includes denial of access to the theater, and denial to the first balcony of the theater, and that it is not contended, nor, in our opinion, can it reasonably be con-

tended, that these sections are inoperative by reason of repugnance to provisions of the constitution of this State or of the United States.

The judgment is affirmed.

*Judgment affirmed.*