# ISAAC KITTS *v.* WILLIE KITTS.

## (*Knoxville.* September Term, 1916.)

**1. STATUTES. Construction. Legislative Intent.**

The legislative intent controls the courts in the construction of statutes. (*Post, pp.* 318, 319.)

Case cited and approved: Zickler v. Bank, 104 Tenn., 277; Wingstatutes. (*Post, pp.* 318, 319.)

**2. STATUTES. Construction. Remedial Statutes.**

Remedial statutes are construed liberally to accomplish their objects, correct the evils, and suppress the mischief aimed at. (*Post,* p. 319.)

Case cited and approved: State v. House, 132 Tenn., 452.

**3. STATUTES. Construction. Penal Character. Statute Requiring satisfaction of lien of record.**

Acts 1907, ch. 473, providing that, whenever a debt secured by mortgage or by lien retained in a deed given for the sale of land has been fully paid the mortgagee, transferee, or assignee of the mortgagee, or the legal holder of the debt secured, must satisfy the record, or, in case of failure to enter proper satisfaction, forfeit $100 to the party making request, is a penal statute, as it fixes an exact sum to be recovered against the one in default in an action of debt or *qui tam.* (*Post,* p. 319.)

Acts cited and construed: Acts 1907, ch. 473.

Cases cited and approved: Parks v. Railroad, 81 Tenn., 1; Drew v. Russell, 47 Vt., 250; Southwestern Bldg. & Loan Co. v. Rowe, 125 Ala., 491; Baylies v. Curry, 128 Ill., 287; Iowa v. C., etc., R. Co., 37 Fed., 497.

**4. STATUTES. Construction. Penal Statutes.**

Such statutes, being penal, and not remedial, should be strictly construed. (*Post,* p. 319.)

Case cited and approved: Cohn v. Lunn, 133 Tenn., 552.

Kitss v. Kitts.

5. **DOWER. Character of right. Definition.**

A widow's "dower" is not a purchase from her husband, but is an incumbrance upon the title of the heir at law, originating with the marriage, and being consummated by the husband's death.  (*Post, p.* 319.)

Cases cited and approved:  Crenshaw v. Moore, 124 Tenn., 533; Combs v. Young, 12 Tenn., 226.

6. **VENDOR AND PURCHASER. Vendor's lien. Satisfaction of record.   Widow's right.   Statute.   "Owner."   "Purchaser." "Transferee."  "Assignee."  "Mortgagee."**

Under Acts 1907, ch. 473, providing that, whenever a debt secured by mortgage or by lien retained in a deed given for the sale of land has been fully paid, the mortgagee, transferee, or assignee of the mortgagee, or the legal holder of the debt secured, must satisfy the record, or, in case of failure to enter proper satisfaction, forfeit $100 to the party making request, a widow, whose husband was indebted to defendant, the indebtedness being evidenced by a specific lien retained in a deed to land, after her husband died and she became possessor of the entire tract under the law awarding her homestead and dower, could not recover against defendant the statutory penalty for a failure and refusal to satisfy of record the lien retained in her husband's deed, as she was not within the provisions of the statute, not being the "owner," "purchaser," "transferee," 'assignee," or "mortgagee."  (*Post, p.* 320.)

---

FROM GRAINGER

---

Appeal from the Circuit Court of Grainger County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —A. M. PAINE, Judge.

MONTGOMERY & MONTGOMERY, for plaintiff.

HARRIS & BEELER and J. W. WOLFENBARGER, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Mrs. Kitts brought this suit in the circuit court of Grainger county to recover of the defendant $100 penalty prescribed by chapter 473 of the Acts of 1907. A demurrer was filed to her declaration, which was overruled, and, the defendant declining to plead further, judgment was rendered against him for $100, the amount of the penalty prescribed by the act referred to. He appealed to the court of civil appeals, and that court affirmed the judgment of the circuit judge. The case is before us upon petition for *certiorari.* The case presented by the declaration and demurrer is as follows:

Mrs. Kitts' husband was indebted to the defendant, Isaac Kitts, and this indebtedness was evidenced by a specific lien retained in a deed to certain land in Grainger county. He died, and the plaintiff below, as his widow, became the possessor of the entire tract of land under the law awarding her homestead and dower. She gave notice to the defendant to satisfy of record the lien retained in the deed. He failed and refused to do this, whereupon she brought suit to recover $100 penalty.

The demurrer, when properly considered, raised one general point, and that is that the plaintiff, being the widow of the deceased lienor, and being in pos-

session of the land as dowager and homesteader, is not within the provisions of the statute.

Section 1 of the statute is as follows:

"That whenever a debt secured by a mortgage, deed of trust, or by lien retained in a deed given for the sale of land has been fully paid or satisfied, the mortgagee, transferee, or assignee of the mortgagee or the legal holder of the debt secured by deed of trust or lien for purchase money who has received payment or satisfaction of the debt must satisfy the records either by entry on the margin of the record of the mortgage, deed of trust, or deed by a formal deed of release. If the holder of any debt secured by mortgage, deed, or trust or lien for purchase money shall fail to enter proper satisfaction after the debt has been fully paid upon request in writing of the mortgagor or maker of the debt or of a purchaser of the property covered by said mortgage, deed of trust, or lien, the said holder of said debt shall forfeit to the party making such request one hundred dollars ($100); provided, the release has not been made within thirty days after said written notice, unless there is pending or there is instituted a suit within that time in which the fact of payment or satisfaction is or may be contested."

Section 2 relates to payments by partial payments, and provides that on request, in writing, of the mortgagor or maker of the debt secured by trust deed or lien for purchase money, or of a judgment creditor or other creditor of the mortgagor having

a lien or claim on the property, there shall be noted on the margin of the record of the mortgage, deed of trust, or deed, the date and amount of such partial payments, and provides that, if the mortgagee or holder of such debt fails to make such entry, he shall forfeit to the party making the request $100.

Section 3 relates alone to the payment of costs.

Section 4 is as follows:

"That the right of action given herein shall be considered as a personal right, and shall not be lost or waived by the sale of the property covered by the mortgage, or deed of trust, or other lien before a demand was made for a satisfaction of the records."

The court of civil appeals was of the opinion that the foregoing statute was a remedial one, and should therefore receive a liberal construction. By this process that court held that the widow, who was in possession of all the land by virtue of the homestead and dower laws, was within its terms and could recover the penalty prescribed.

It is beyond question that the legislative intent is to control the courts in the construction of statutes. *Zickler* v. *Bank,* 104 Tenn., 277, 57 S. W., 341; *Wingfield* v. *Crosby,* 5 Cold., 241.

But the line of cases holding that, in case of doubt, the court should give that construction which will save the right, does not apply unless the plaintiff falls within the meaning of the statute under con-

sideration; and that, of course is the question for decision.

It is also well settled that remedial statutes are construed liberally to accomplish their objects, correct the evils, and suppress the mischief aimed at. *State* v. *Howse,* 132 Tenn., 452, 178 S. W., 1110.

We think, however, that the statute under consideration is a penal statute. It fixed an exact sum to be recovered against the one in default in an action of debt or *qui tam.* *Parks* v. *Railroad,* 13 Lea, 1, 49 Am. Rep., 655; *Drew* v. *Russell,* 47 Vt., 250; *Southwestern Bldg. & Loan Co.* v. *Rowe,* 125 Ala., 491, 28 South., 484; *Baylies* v. *Curry,* 128 Ill., 287, 21 N. E., 595; Bouvier's Law Dictionary; *Iowa* v. *Chi., etc., R. Co.,* 37 Fed. 497, 3 L. R. A., 554.

Many illustrations of the application of the principle here announced can be found in the cases cited in note 38, 36 Cyc., p. 1181.

The statute being penal and not remedial, it follows as a matter of course that it should be strictly construed. 36 Cyc., p. 1183; *Cohn* v. *Lunn,* 133 Tenn., 552, 182 S. W., 584.

The widow's dower is not a purchase from her husband, but is an incumbrance upon the title of the heir at law. It originates with the marriage and is consummated by the death of the husband. *Crenshaw* v. *Moore,* 124 Tenn., 533, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Combs* v. *Young,* 4 Yerg., 226, 26 Am. Dec., 225.

Assigning to the words used in the statute their technical meaning, it is clear that the widow, holding the homestead and dower, is not within its terms. She is not the "owner," "purchaser," "transferee," "assignee," or "mortgagee." While she is in possession of the land and is the owner of an assignable estate, still she is not within the terms employed by the legislature and cannot recover the penalty.

It results that the judgment of the court of civil appeals is reversed, and the demurrer sustained, and the suit dismissed.