HENLEY v. TENNESSEE CONSOL. COAL CO.—79 S. W. (2d) 805.

Middle Section. December 22, 1934.

Petition for Certiorari denied by Supreme Court, March 9, 1935.

J. D. Fults, of Tracy City, for complainant.
Lawrence Spears, of Chattanooga, for defendant.

DeWITT, J. The complainant, a merchant, was in this cause awarded a recovery of $4,052.12 against the defendant, a coal mining corporation, upon "scrip" issued by it to its employees and traded by them to complainant for merchandise. The face value of the scrip is $3,000.70. To this was added a penalty of $750.42 for refusal of defendant to honor the scrip by paying the amount thereof in money, and a fee of $300 to complainant's solicitor. The suit was based upon the provisions of sections 6710, 6711 of the Code. The sole assignment of error is:

"The Chancellor erred in holding that the scrip was issued in payment of wages rather than an advancement to be deducted from wages when due."

Thus the defendant insists that the facts shown in the record bring this case within the category to which the aforesaid Code sections do not apply, as held in Cambria Coal Company v. Cooper, 165 Tenn., 269, 54 S. W. (2d), 708. Under that decision a company which, as a means of advancing credit to its employees, issues scrip with which purchases may be made at the company's store, deductible from future wages, is not required to redeem such scrip in money.

The defendant employs about 300 miners in the working of its coal mines. It maintains commissaries, or stores, for the sale of merchandise. The complainant sold to employees of the defendant merchandise, taking the scrip at its face value. On a regular pay day, and more than thirty days after the scrip was issued, he presented it to the defendant for payment in cash; but this was refused. Defendant offered to pay in merchandise at the regular prices, out of its store; but this was refused.

The scrip was issued in the following form:

"Tennessee Consolidated Coal Co.

"Delivered to Party Below Merchandise only for Amount of Coupons Attached.

"Issued to ―――――――

"―――――――, Timekeeper."

"All wages of this Company are payable twice a month in accordance with State law. This ticket is not issued in payment, but as an advancement for the accommodation of the beneficiary, who by using it, assigns to the Company an equal amount of his wages when payable."

Each coupon was in form as follows:

"Good for                              In
                                     Merchandise
                                     If Not Detached.
                                     Not   Transferable."

(amount)

The consideration for the issuance of the scrip is the assignment to the company of an equal amount of the wages of the recipient, when payable, for services rendered. It is issued between pay days for the convenience and accommodation of the employees and is deducted from their wages at the next pay day. If at the time he receives the scrip an employee has earned wages equal to the amount of the scrip, the wages thus earned are paid, for the scrip is charged against his wages. He may sell the scrip, buy with it at the commissary, or have it redeemed in cash by his employer upon a regular pay day. Code, section 6710. By this method the employee receives, before pay day, an advancement of payment upon wages earned but not yet due. If the scrip sued on in this cause was so issued and charged against wages actually earned, the case does not fall within the exception, and the chancellor was right. If, on the other hand, the scrip was issued when the recipients had no credits for wages, then the statute (Code, secs. 6710, 6711) does not apply. The scrip would be thus issued purely upon the personal credit, but manifestly with the expectation that the recipient would thereafter earn wages equal in amount to the scrip, so that a deduction could be made. Scrip thus issued to an employee who had no credit for wages

to cover it would be issued upon faith of his good standing and moral worth, the company considering him good for his obligation.

The scrip sued on was issued to a large number of men. The actual standing of no one of them with the company when the scrip was issued to him was shown. There is no direct evidence that any of this scrip was issued other than against wages actually earned. The company issued about $14,000 worth of this scrip each month. There is no proof that would indicate that the defendant has suffered loss from the issuance of this or any other scrip issued to its employees.

There is evidence that some employees were allowed to draw scrip when they had no wages to their credit; and that it depended upon the honesty and efficiency of the employee in each case.

The defendant's timekeeper testified that about 75 per cent of the employees have had scrip advanced to them before their wages were due, and also "without time in the office." This does not mean that 75 per cent of the scrip was so issued, but that 75 per cent of the employees had it issued to them; nor is the period in which it was issued shown. Seventy-five per cent of the employees were deemed of such character as to entitle them to such credits when they desired them; but it does not appear to what extent they drew scrip without having earned the equivalent in wages. Upon this evidence we are asked to hold that the complainant in no view is entitled to recover on 75 per cent of the scrip sued on. We cannot thus speculate upon this matter. The complainant was not in a position to furnish the evidence. The mere memory of these employees as to their having earned wages each time they drew the scrip would be very uncertain and doubtful. The defendant did not produce its records. Each piece of scrip bore a serial number. It must have corresponded with an account with the employee. The presumption must be that all of this scrip was issued upon the basis of wages earned, and in payment thereof before the regular pay days. Standard Oil Co. v. State, 117 Tenn., 618, 625, 100 S. W., 705, 10 L. R. A. (N. S.), 1015; Western Union Tel. Co. v. Lamb, 140 Tenn., 107, 203 S. W. 752.

The penalty is imposed by the following provision of the Code, section 6711:

"If the plaintiff shall recover judgment in such case, it shall include a penalty of twenty-five per cent of the amount due and a reasonable fee for the plaintiff's attorney for his services in the suit, all of which, as well as the costs, shall be taxed against the defendant."

This provision is plainly mandatory in such case. It requires the imposition of the penalty as a punishment for the violation of the law, not as a remedy for the injury or loss suffered by the complainant. The complainant's remedy for injury or loss is afforded

by the recovery of the sum represented by the scrip and the addition of a fee for his solicitor. The aforesaid provision fixes an exact sum to be recovered against the defendant in this action of debt, or qui tam. See Kitts v. Kitts, 136 Tenn., 314, 189 S. W., 375. Although the penalty awarded seems harsh, it is in obedience to the legislative intent, which the court is without power to disregard.

The decree of the chancery court is affirmed. A decree will be entered in this court in favor of the complainant against the defendant and the surety on its appeal bond for the sum of $4,052.12, with interest from the date of the decree in the chancery court and all costs of this cause.