HENLEY v. TENNESSEE CONSOLIDATED COAL CO.—
113 S. W. (2d), 1199.

Middle Section.   December 22, 1937.

Petition for Certiorari denied by Supreme Court, March 5, 1938.

Jeff D. Fults, of Tracy City, for Henley.
L. N. Spears, of Chattanooga, for Tennessee Consol. Coal Co.

FAW, P. J.   E. E. Henley brought this suit by bill filed in the chancery court at Tracy City in Grundy county on July 6, 1934, against the Tennessee Consolidated Coal Company, a corporation.

Complainant, Henley, is a citizen of Grundy county, and in the

years of 1933 and 1934 was operating a general mercantile business at Palmer in Grundy county.

Defendant, Tennessee Consolidated Coal Company, is a mining corporation, with its principal offices in Grundy county, Tenn., and during the years of 1933 and 1934, and for many years theretofore, it operated coal mines in Grundy county, at or near Palmer, where it employed from 350 to 400 men, and maintained a "commissary," or store, for the sale of merchandise.

Complainant sued in this case to recover of defendant $3,103.55 as the face value of "scrip" issued by defendant, and $66.22 for the amount of certain "duebills" executed by defendant, and alleged, in substance, that said scrip and duebills were issued by defendant in payment for labor, and that complainant acquired same, as if they were cash, in exchange for goods furnished by him from his store, and that he is now the lawful owner and holder of said scrip and duebills; that more than thirty days after the issuance of said scrip and duebills, and on a regular pay day of the defendant, complainant presented same for payment at the office of the defendant and redemption or payment thereof was refused; and that, therefore, a cause of action against defendant has accrued to complainant by virtue of sections 6710 and 6711 of the Code of Tennessee.

Complainant prayed for judgment against defendant for the amount of said scrip and duebills, together with a penalty of 25 per cent. of said amount, and for a reasonable sum as a fee for complainant's attorney, and that complainant have judgment against the defendant for the costs of the cause.

The aforesaid sections of the Code upon which complainant relies for a recovery of the sums sued for in his bill are as follows:

6710: "All persons, firms and corporations, using coupons, scrip, punchouts, store orders, or other evidences of indebtedness to pay their or its laborers and employees, for labor or otherwise, shall, if demanded, redeem the same in the hands of such laborer, employee, or bona fide holder, in good and lawful money of the United States; provided, the same is presented and redemption demanded of such person, firm, or corporation issuing same, as aforesaid, at a regular pay day of such person, firm, or corporation to laborers or employees; or, if presented and redemption demanded, as aforesaid, by such laborers, employees, or bona fide holders at any time not less than thirty days from the issuance or delivery of said coupon, or other such evidences of indebtedness to such employees, laborers, or bona fide holder. Such redemption is to be at the face value of said coupon, or other such evidence of indebtedness; provided, further, said face value shall be in cash the same as its purchasing power in goods, wares and merchandise at the commissary store

or other repository of such company, firm, person or corporation aforesaid.''

6711: ''Any such employee, laborer, or bona fide holder, upon presentation and demand for redemption of said coupon, or other such evidence of indebtedness, and upon refusal of such person, firm or corporation to redeem the same in good and lawful money of the United States, may maintain in his own name an action before any court of competent jurisdiction against such person, firm or corporation, issuing same, as aforesaid, for the recovery of the value of such coupon, or other such evidence of indebtedness; and, if the plaintiff shall recover judgment in such case, it shall include a penalty of twenty-five per cent. of the amount due and a reasonable fee for the plaintiff's attorney for his services in the suit, all of which, as well as the costs, shall be taxed against the defendant.''

Defendant answered the bill and admitted the allegations thereof with respect to the residence and business of the complainant and the corporate character, situs, and business of the defendant, as hereinbefore stated; but defendant traversed material allegations of the bill by denials and allegations in its answer as follows:

''It is not true, however, that this respondent issues scrip or gives duebill in payment for wages to its employees. On the contrary this respondent issues an advancement on its wages at times to its employees but it has never issued any scrip in payment of wages that were then due. This respondent pays wages to its employees twice a month as provided by law, and the employees also understand that they can wait until pay day and get the money for their wages.

''At times the employees desire credit in the store or stores operated by defendant company and strictly for the accommodation of the employees a credit memorandum is issued; this is commonly known and denominated as scrip.

''The credit memorandum shows on its face that it is an advancement; that it is not issued in payment of any wages and perhaps invariably is issued when no wages are due to the employees.

''It may be that at times they have time in the office that would be redeemable and payable on pay day and the employee anticipates pay day by drawing this scrip and assigns so much of his wages when they become due to the payment of the scrip.

''A great many times the scrip is issued when there is not even any time in the office in favor of the employee that would be redeemable thereafter.

''These men have worked for this company a great many years and are known as to their honesty and integrity by the company, and credit is extended them if they so deserve it and if their reputation and character justify the management in the extension of

the credit. This scrip as before said is not issued in payment of wages, but as an accommodation to the employees.

"It may be true that some of the employees have abused the privilege granted them and have sold these credit memoranda or scrip for money or have exchanged it for merchandise with other people. This is contrary to the agreement and understanding with the employees and if the same has been redeemed in the hands of third persons, it was an accommodation, and was an accommodation to those seeking its redemption.

"This defendant denies that the complainant has $3,105.05 in scrip and $66.27 in duebills, and demands strict proof of the ownership of said scrip; proof about when it was issued, to whom it was issued, and demands that it be produced so that it can be audited and can be compared with the record to determine to whom it was issued, when it was issued and for what it was issued.

"The respondent denies that the complainant is entitled to any kind of judgment against it, and denies that any demand has been made on it in any lawful way for the redemption of the scrip."

The cause was finally heard by the chancellor upon the pleadings and proof by depositions of witnesses, with exhibits thereto, filed on behalf of both parties, respectively, and the chancellor found that $1,463.60 of said scrip sued on was not issued in payment of labor, but was an advancement on personal credit of the employees of the defendant company while they did not have time in the office, and was issued as an accommodation to said employees, and at the time of the issuance thereof defendant company was not indebted in any wise to the said employees, but at the time of said issuance said employees were indebted to defendant company in varying amounts. The chancellor thereupon decreed that complainant have and recover of the defendant company $1,706.17, this being the balance of said scrip and duebills sued on, plus a penalty of 25 per cent. thereof, or $426.54, making a total of $2,132.71, plus an attorney's fee of $250 for complainant's attorney, making a total judgment for $2,382.71, and also all the costs of the cause, for all of which execution was awarded.

The complainant appealed from that part of the decree denying him a recovery on $1,463.60 of scrip and penalty thereon, and perfected his appeal.

The defendant appealed from that part of the decree allowing 25 per cent. penalty and $250 attorney's fee, and perfected its appeal.

Assignments of error have been filed in this court by both parties.

The complainant's assignments of error are as follows:

"First. The chancellor erred in refusing complainant Henley a recovery on all the scrip and duebills sued for, together with a

penalty of 25% of said amount, and a reasonable fee for his said attorney.

· "Second. The chancellor erred in holding that any part of said scrip was issued when the employees to whom it was issued did not have time in the office to cover the amount so issued.

"Third. In denying complainant Henley a recovery for $1,463.60, the chancellor erred because it was not shown that the defendant company lost a single dollar by reason of issuing and delivering to its employees the scrip and duebills sued on.

"Fourth. The statutes under which recovery is sought in this case require the redemption of scrip, duebills, store orders, etc., in the hands of a bona fide holder thereof, when issued for labor or otherwise, and hence it was error of the chancellor in not so holding as to the full amount of scrip and duebills sued for."

It is seen that complainant's third and fourth assignments, supra, are, in substance, merely reasons offered for support of his first and second assignments.

The learned chancellor was of the opinion that this case is controlled by the rulings in Cambria Coal Co. v. Cooper, 165 Tenn., 269, 54 S. W. (2d), 708, and Henley v. Tennessee Consolidated Coal Co., 18 Tenn. App., 520, 79 S. W. (2d), 805, in which latter case certiorari was denied by the Supreme Court. In the Cambria Coal Co. Case, supra, the Supreme Court said that there is a marked distinction between paying an employee's wages in scrip and advancing to him money or merchandise to be deducted from his wages when due; that there is nothing in the statute, Code, sections 6710, 6711, which prohibits the employer from advancing to the employee money or merchandise on his wages; and that a company which, as a means of advancing credit to its employees, issues scrip with which purchases may be made at the company's store, deductible from future wages, is not required to redeem such scrip in money.

The Henley Case, supra, was a litigation between the same parties as in the instant case. Henley recovered a judgment below for the amount of a large quantity of "scrip" issued by the coal company to its employees, and for the penalty and solicitor's fee prescribed by the statute. On appeal the judgment was affirmed for the reason that the record did not show that any part of the scrip was issued as a means of advancing credit to the defendant's employees. The court held that, in the absence of proof to the contrary, the presumption is that such scrip was issued on the basis of wages earned and in payment thereof before the regular pay days.

In his opinion in the instant case, the chancellor noted the aforesaid ruling with respect to the presumption and burden of proof in the former case, 18 Tenn. App., 520, 522, 79 S. W. (2d), 805, and then said:

"In the case at bar, defendant has produced proof of its books and records which shows and the court finds that $1,463.60 of the scrip sued on was issued to employees before their wages were due and 'without time in the office.'

"This proof of defendant overturns the presumption indulged by the court in the former case above referred to 'that all the scrip was issued upon the basis of wages earned, and in payment thereof before the regular pay day.'

"The court is therefore of opinion that as to that part or portion of scrip sued on, which was issued before their wages were due and without time in the office, to wit, $1,463.60, was an advancement to be deducted from employees wages when due; and therefore, the statute (Code, section 6710) is not applicable. But that the principles as announced in Cambria Coal Co. v. Cooper, 165 Tenn., 269, 54 S. W. (2d), 708, controls, and as to this amount the court is of opinion complainant cannot recover."

Upon an examination of the record we concur in the aforesaid findings of the chancellor that, to the extent of $1,463.60, the scrip sued on in the present case was issued to employees of defendant upon the basis of wages to be earned in the future, and, to that extent, the complainant is not entitled to the recovery sought by his bill. We have been unable to see any merit in the proposition advanced on behalf of complainant that "the store account had nothing to do with the pay roll in the office in dealing with scrip."

Complainant Henley's assignments of error are overruled.

Defendant coal company has assigned error upon that part of the chancellor's decree granting complainant a judgment for a penalty of $426.54 (being 25 per cent. of complainant's recovery of $1,706.-17), and for an attorney's fee of $250.

The statutory imposition of the penalty of 25 per cent. and a reasonable attorney's fee is mandatory. Henley v. Consolidated Coal Co., 18 Tenn. App., 520, 79 S. W. (2d), 805.

It is insisted for defendant that it is unjust and inequitable to penalize the defendant for refusing payment of the scrip sued on, when all of it was presented for payment in batches, at the same time, and defendant had no opportunity to compare it with its books, and it developed that defendant was not liable for approximately one-half of said scrip. The chancellor's opinion and finding with respect to the contention of defendant just stated was as follows:

"It is said that complainant presented all the scrip and duebills at defendant's office on a regular pay day, in packages, with amounts noted thereon, and that he did not leave or offer to leave the scrip with defendant's paymaster; and that he did not separate those that were issued without time in the office from those that were issued to employees who had wages earned or time in the

office; and that complainant retained possession of said scrip and duebills, and that he did not offer the same to defendant for inspection until after the bill was filed and said scrip and duebills were filed as exhibits.

"The court is of opinion that the proof and inferences are that there was a flat refusal to pay said scrip, and nothing was said or demanded by defendant that could be construed as a request to inspect said scrip or any admission or intention to pay any part thereof. It is also true that complainant could not know which were issued without and which were issued with time in the office.

"This was information peculiarly in possession of defendant. So far as the record shows the defendant never requested that they have opportunity to inspect said scrip for the purpose of determining which was issued as advancement and which was not.

"The court is of opinion that complainant is not to be blamed or penalized for his conduct and actions with regard to this contention."

We think the record sustains the chancellor's findings just quoted, and we concur in his conclusion based thereon. The defendant's assignment of error is therefore overruled.

It results that the decree of the chancery court is affirmed, and a decree will be entered accordingly in favor of complainant, Henley, and against defendant coal company and the sureties on its appeal bond, for the respective sums awarded by the chancellor, with interest thereon from the date of the decree below (June 30, 1936), and for the costs of the cause accrued in the chancery court, and for one-half the costs of the appeal. The remaining one-half costs of the appeal will be adjudged against the complainant, Henley, and the sureties on his appeal bond.

Crownover and Felts, JJ., concur.