BASKETTE *v.* STREIGHT.

(*Nashville.*    February 16, 1901.)

1. ADOPTION.    *Custody of child after death of adoptive father.*

    The right to custody of an illegitimate infant child reverts to
        its surviving mother upon the death of its adoptive father to
        the exclusion of his surviving widow.    But the mother's right
        will be subordinated to the best interests of the child.

    Code construed: §§ 5409–5411 (S.).

    Cases cited: Lawson *v.* Scott, 1 Yer., 92; Gardenhire *v.* Hinds,
        1 Head, 404; State *v.* Paine, 4 Hum., 523.

2. SAME.    *Same.    Case in judgment.*

    The surviving mother is denied the custody of her illegitimate
        child of seven years of age in favor of the widow of its de-
        ceased adoptive father, when the mother is unable to prop-
        erly care for it, and there exists an attachment, as well as a
        bond of blood, between the child and the widow, and there is
        no complaint of neglect or want of ability on the part of the
        widow to provide for it.

3. SAME.    *Statutes relating to are strictly construed.*

    Statutes relating to ·adoption of children, being in derogation
        of common law, are strictly construed, and will not be held
        in the absence of express provision to that effect to intend to
        confer rights to custody of children upon persons who are not
        parties to the record of adoption, and who have not assumed
        any of the obligations of an adoptive parent.

    Code construed: §§ 5409–5411 (S.); §§ 4388–4390 (M. & V.); §§ 3643–
        3645 (T. & S.)

FROM DAVIDSON.

Appeal in error from Circuit Court of David-
son County.    JNO. W. CHILDRESS, J.

---

Baskette *v.* Streight.

---

J. P. RAINS, A. G. EWING and FORD REDDICK for Baskette.

.JOHN RUHM for Streight.

McALISTER, J.  E. D. Baskette and his wife, Victoria, filed this petition in the Circuit Court of Davidson County for the writ of *habeas corpus* to obtain the custody of James P. Streight, an infant of tender years. It is alleged in the petition that said child has no father, but that petitioner, Victoria, is its mother, and that the possession of the child is illegally withheld from her by the defendant, Mrs. James P. Streight.

Defendant, Mrs. Streight, answered the petition, and averred that she is the widow of. James P. Streight, who departed this life in Nashville on July 26, 1900; that the petitioner, Victoria, has lately intermarried with co-petitioner, E. D. Baskette; that her maiden name was Victoria Claiborne; that the boy, James P. Streight, is the natural son of said Victoria Claiborne and of the deceased son of defendant and her late husband, James P. Streight. It is further alleged that on September 28, 1898, and during the life of the late James P. Streight, the said infant child, with the consent of its mother, the said Victoria Claiborne, was adopted by the late James P. Streight, in pursuance of regular proceedings in that behalf in the worshipful County Court of Davidson County. The petition filed in said cause

by the late James P. Streight, which was also signed by the said Victoria Claiborne, recites that "petitioner is willing and anxious to adopt the said child as his own, and Victoria Claiborne, the mother of said child, being unable to care for him, consents to his being adopted by your petitioner." That petition was also signed by the said Victoria Claiborne, who joined in the adopting proceedings.

The Court ordered, adjudged, and decreed that the said child should bear the same relation to the petitioner, James P. Streight, as if he were his own child, with power to inherit and succeed to his estate, real, personal, and mixed, and that the name of said child should be James P. Streight.

It appears from the answer that the minor child had lived with James P. Streight and his wife for several years prior to its adoption. It is alleged therein that it is greatly to the welfare of the child that he shall remain with the defendant, Mrs. James P. Streight; that she is able to maintain and educate him; that she has great affection for the child, and that the latter is greatly attached to her; that she is childless, and lives with the family of Mr. Charles P. Streight, the brother of her late husband. It is charged in the answer that the petitioner, Victoria, is not a proper person to have the custody of

the child, and that it would be to his detriment to take him from defendant.

The insistence of defendant is, that as the widow of the adoptive father of the child, she is legally entitled to its custody; that since the decree of adoption the child has been a member of defendant's family as though he had been born to her.

It was admitted on the hearing that the adoption proceedings were correctly set out in the answer; that James P. Streight, the adoptive father, was dead; that defendant had been for many years his lawful wife, and is now a widow; that since his death the minor child has continued to reside with Mrs. Streight. There was no proof in respect of the ability of either party to take care of the child, or touching the suitableness of either party as a legal custodian, but upon the petition and answer, with the admissions of counsel just stated, the Court decreed that Mrs. Streight, widow of the adoptive father, was the proper and legal custodian of the child, and dismissed the petition with costs.

Petitioner appealed, and has assigned as error the action of the Court.

In support of this assignment of error it is insisted by petitioner that upon the death of the adoptive father the natural right of the mother to the custody of her child was revived, since the widow of the adoptive father was not a party

to the adoption proceedings, and the natural rights of the mother were only relinquished in favor of the adoptive father.

It will be observed it is not charged in the petition that the child is neglected either in moral training or physical comfort, nor are there any reasons shown why the custody of the child should be changed, and the claim of the petitioner is based exclusively upon her legal rights as mother of the child. It has already been stated that petitioner joined with the late James P. Streight in his petition to the County Court for the adoption of the child, and in that petition she stated that she was unable to care for the child and educate him, and consents to his adoption by the said James P. Streight. She does not allege in the present petition that she has since become financially able to support and maintain the child.

The Tennessee statute of adoption is as follows, Shannon's Code, § 5409: "Any person wishing to adopt another as his child shall give the reasons therefor, apply by petition signed by the applicant, and setting out the terms of the adoption.

"Section 5410. The Court, if satisfied with the reasons given, may sanction the adoption by decree entered upon the minutes, embodying the petition and reciting the terms of the adoption.

"Section 5411. The effect of the adoption, unless especially restrained by the decree, is to confer

upon the person adopted all the privileges of a legitimate child to the applicant, with the capacity to inherit and succeed to the real and personal estate of applicant as heir and next of kin, but it gives the person seeking the adoption no material rights of inheritance and succession, nor any interest whatever in the estate of the person adopted."

The adoption statutes of the other States present different features. Some require that the adopted person shall be under twenty-one years of age (Pennsylvania and Rhode Island). Others provide that there shall be a difference in ages of the adoptive parents and the adopted child of fourteen years. Many of the States require that if a man be married, he and his wife must join in the adoption of the child.

In *Nulton's Appeal,* 103 Pa. St., 286, it was held that as the wife did not join in the adoption, a child adopted by her husband during marriage did not become her child and heir. *Barnes* v. *Allen,* 25 Ind., 222.

It will be observed that the Tennessee statute does not require a joint application by husband and wife for the adoption of the child, but provides generally that any person may adopt another upon giving sufficient reasons and obtaining the sanction of the Court.

We have held recently that husband and wife may join in an application for adoption of an-

other, and in some jurisdictions this practice is commended. It suffices to say in this case that the exclusive adoptive parent was James P. Streight. In his favor the natural mother relinquished her parental rights, and committed the child to his custody. The adoptive parent is now dead, and the question is whether the custody of the child passes to the widow of the adoptive father, or, are the legal rights of the natural mother revived and restored? If to the widow of the adoptive father, then the child occupies the anomalous attitude of child with no capacity to inherit or succeed to the real and personal estate of his alleged adoptive mother. But it is perfectly plain that under the express provisions of the statute the relation of parent and child was only established with James P. Streight, and that Mrs. James P. Streight was a stranger to the adoption proceedings, and can now assert no legal rights to the custody of the child.

It is said, however, that petitioner having joined in the adoption proceedings surrendered her parental rights, and is now estopped to assert them. This would undoubtedly be true in a contest with James P. Streight, the adoptive father, but the latter having died, there is now no room whatever for the application of an estoppel. We can well see how a mother might be willing to waive or entirely surrender her parental rights in favor of one person and be wholly unwilling to re-

linquish them to another. One person, on account of his character and financial ability, might be a very suitable custodian for a child, and these considerations would probably enter very largely in the equation influencing the mind of the parent. Moreover, adoption statutes, being in derogation of the common law, are strictly construed, and cannot by intendment be held to confer rights upon persons who are not parties to the record, and who have assumed no legal obligations as adoptive parent.

In *Lawson* v. *Scott,* 1 Yer., 92, this Court said, viz.: "The mother of an illegitimate child, if able to support it, is entitled to its custody, and the County Court has no right to place it under the control of the putative father." The mother, then, is entitled to the custody of the child if she is able to support it. The welfare of the child is the paramount consideration that will govern the Court. Neither parent is entitled to the custody if it is palpably against the child's welfare, and in such case it may be awarded to a third person.

In *Gardenhire* v. *Hinds,* 1 Head, 404, it appeared that the child was a girl of frail and delicate constitution, eight years old, and had been principally reared by its grandmother, who was eminently fit and able to rear it in a proper manner, and willing to do so free of charge. The custody of such child was given to the

grandmother in preference to the father, who had no wife or home, and whose means were limited.

It was held in *State* v. *Paine,* 4 Hum., 523, that the Court is not bound, in a proceeding in *habeas corpus,* to deliver the child to its father, but may act upon its discretion according to the circumstances of the particular case, the welfare of the child being the chief consideration.

The question then remains, What is best for the child in the present instance? The record shows that the child is now about seven years of age, and has been living with its grandmother, Mrs. James P. Streight, for four years. It is averred there is a strong mutual attachment between the child and Mrs. Streight.

In 1898, when the petition for adoption was filed, the natural mother, who joined therein, admitted that she was not able to care for and educate the child, and in the entire absence of proof showing present ability to maintain the child, the Court must presume that the same inability still exists. There is no charge that the defendant has neglected the child, or is not abundantly able to provide for its comfort and education.

We are constrained, therefore, to hold, upon this record, that it is the best interest of the child that it remain in the custody of its grandmother, Mrs. Streight, and for this reason the judgment of the Circuit Court is affirmed.