GILMORE *v.* CONTINENTAL CASUALTY CO.

(*Knoxville,* September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

STONE & QUALLS, Harriman, for complainant.

DONALDSON, MONTGOMERY & KENNERLY, Knoxville, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a suit to recover on a policy of insurance issued by the Defendant, brought by Rosie Gilmore as the widow and beneficiary of the insured, Marshall T. Gilmore, who died of heart disease on July 15, 1947, while the policy was in full force and effect. The cause was heard by the Chancellor on a stipulation of facts, and he found, after construing the policy in a careful written opinion, that the death benefits of the policy were only for death which resulted from injury by accidental means and that the insured had died of coronary occlusion or some cause other than accidental injury, and accordingly dismissed the bill. Complainant has perfected her appeal.

The only question presented by the appeal is the proper construction of the policy, and specifically, whether the policy was for death caused by accident only, or for death resulting from sickness or illness, as well as from accident.

The pertinent provisions of the policy are the following:

"Semaphore Accident And Health Policy."

The following statement is found both on the back of the policy and at the top of the face of the policy.

"This Policy provides Indemnity for Loss of Life, Limb, Sight or Time resulting from Bodily Injury ef-

fected through Accidental means and for Loss of Time caused by Sickness—to the extent herein provided.''

Any recovery of a death benefit under this policy must be under paragraph "A" of Part 1, found on the face of the policy. This paragraph is in the following language:

"A. When injury shall result in loss of life of the Insured within one hundred days after the date of the accident, the Company will pay for

"Loss of Life—The Principal Sum.''

The term "injury" is defined in the face of the policy in the following manner:

" 'Injury' as used in this policy means bodily injury which is the sole cause of the loss and which is effected solely through accidental means while this policy is in force.''

The Appellant contends that the language, "This policy provides indemnity for loss of life, limb, sight, or time, etc.'' creates an ambiguity which justifies, and therefore compels a construction favorable to the insured. *Moore* v. *Life & Casualty Ins. Co.*, 162 Tenn. 682, 40 S. W. (2d) 403, that the indemnity was for loss of life from sickness, as well as from accident.

To this we cannot agree. The language must be construed to mean what it says, which is:

"This policy provides indemnity for loss of life. . . . *to the extent herein provided.*'' (Italics ours.)

And then in the body of the policy (i. e. "herein") it is provided:

"When *injury* shall result in loss of life of the insured within one hundred days after the date of the accident, the Company will pay for loss of life. . . . the principal sum.''

And *injury* is defined to be "bodily injury which is the .sole cause of the loss and which is effected solely through accidental means."

█ It is a familiar principle of construction that if the actual language and provisions of the document are plain and clear and are devoid of contradiction or any affirmative ambiguity, there is no judicial duty but to give the language its usual and ordinary meaning. *Hickman* v. *Wright*, 141 Tenn. 412, 210 S. W. 447; *Moore* v. *Life & Casualty Ins. Co.*, 162 Tenn. 682, 40 S. W. (2d) 403; *Inman* v. *Life & Casualty Ins. Co.*, 164 Tenn. 12, 45 S. W. (2d) 1073; *United States Stove Corp., for Use and Benefit of Henderson* v. *Aetna Life Ins. Co.*, 169 Tenn. 264, 84 S. W. (2d) 582.

█ █ Since we hold that the policy covered death resulting from accidental injury only, the burden was on Complainant to show that death in the present case so resulted. There was no such proof. *Provident Life & Acc. Ins. Co.* v. *Prieto*, 169 Tenn. 124, 83 S. W. (2d) 251.

All assignments of error are overruled and the decree of the Chancellor affirmed.

All concur.