McKAMEY *et ux.* v. STATE *ex rel.* WINSTON.

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

14

 

JOHN R. TODD, JR., and T. A. DODSON, SR., Kingsport, for plaintiffs in error.

PAUL K. BARNWELL, of Hendersonville, N. C., and BURKETT C. MCINTURFF, of Kingsport, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a *habeas corpus* suit brought by Earie Lee Winston, the natural mother of Gary Douglas Winston and Earie Jane Winston, a baby boy age two years and a baby girl age ten months, respectively, against the McKamey's who had their custody by reason of an adoption suit in which the natural father had consented to the adoption. This mother had no notice of the adoption suit nor was she a party thereto.

The McKamey's made various defenses to this suit. Their only defense which is pertinent here is their intervening petition herein asking for the adoption of these children as to the natural mother. They set up the adoption proceedings wherein they were granted custody of these children and allege that the natural mother "had abandoned these children, left them destitute, neglected and sick, . . . and that her reputation and character is bad, and if the custody of these two infant children was decreed to her, that they would again become neglected and dependent children, . . . that "she lived and worked in beer gardens, keeping company with a man that she told was her husband, which was

untrue; that her reputation and character is bad, and she is rotten to the core."

These intervenors (adoptive parents) alleged that they were of the best of characters and were able and willing to properly rear these children and that the best interests of these children demanded that these children be taken from their mother and placed with their adoptive parents.

The trial judge refused to hear proof on the above quoted allegations of the intervening petition for adoption and said:

"The only question involved here, as I see it, is whether or not the proceedings heretofore had in the County Court are binding on his client, the mother of these children, if they aren't, she is entitled to those children, irrespective of who is the best fitted to have them. This is not that kind of a proceeding."

The above statement of the trial judge is an erroneous statement of his duty herein.

 Beginning with the case of *State ex rel. Paine* v. *Paine,* 23 Tenn. 523, 529, this Court has consistently followed the rule that in a case involving the custody of small children the duty of the court is to determine what is for the best interest of the child involved. See also *State ex rel. Bethell* v. *Kilvington,* 100 Tenn. 227, 234, 45 S. W. 433, 41 L. R. A. 284; *Baskette* v. *Streight,* 106 Tenn. 549, 62 S. W. 142; *State ex rel.* v. *West,* 139 Tenn. 522, 201 S. W. 743, Ann. Cas. 1918D, 749; *In re Knott,* 138 Tenn. 349, 197 S. W. 1097; *Stubblefield* v. *State ex rel. Fjelstad,* 171 Tenn. 580, 106 S. W. 2d 558; and others. This is the universal rule. The Court can and must, the welfare of the child requiring it, take the child from the parties and place it (the child) where its (the child's)

welfare will be best served. The Court in doing this considers the welfare of the child from "its temporal and its mental and moral welfare". See *State ex rel.* v. *West,. supra,* and *Smith* v. *Smith* handed down at Knoxville on May 6, 1949, Tenn. Sup., 220 S. W. 2d 627, 629, wherein it was said: "The court in acting on these custody or adoption cases is more or less acting in the capacity of *parens patriae* for the child."

For the above reasons it is necessary that the judgment below be reversed and the case remanded for the trial court to hear proof on the issues presented, keeping in mind that the paramount issue is what is for the best interest of these children as viewed from their temporal, mental and moral welfare.

All concur.