PETITION OF WALTER LEON VAN HUSS for the Adoption of DAVID KEITH VAN HUSS.

(*Knoxville*, September Term (May Session), 1959.)

Opinion filed September 9, 1960.

GEORGE H. LOCKETT, Harriman, for petitioner.

PREWITT, CHIEF JUSTICE, and FELTS, JUSTICE, dissented.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The petition of Walter Leon Van Huss prayed that David Keith Van Huss be decreed the adopted son of the petitioner. It was found by the Court that petitioner had complied with every prerequisite to the granting of the decree, except that this petitioner had not been physically present in Tennessee or on federal territory within the boundaries of Tennessee for one (1) year next preceding the filing of the petition as required by Title 36-105 T.C.A. 1959 Supplement.

Van Huss has appealed on the theory that the Court erred in so construing this code section, it being an amendment to the adoption statute by Chapter 223 of the Public Acts of 1959. His insistence is that the amendment was not intended to include the situation with which he is confronted in the instant case. He says that the adoption statute extends to a citizen in the armed service who is maintaining his wife and family in his home in the Tennessee county of his "only legal residence", and that the Court should have so held.

The child sought to be adopted was born on May 4, 1957, the issue of the marriage of Peggy Ruth Young and her then husband, William Clark Young. Young deserted this wife and child and contributed nothing to their support. Thereafter, the mother, Peggy Ruth Young, was married on May 31, 1958 to the petitioner in Roane County, Tennessee, where they, Mr. and Mrs. Van Huss, have continuously since maintained their residence, and the said infant son of Mrs. Van Huss has lived in the home with his mother and the mother's husband, the petitioner, at all times since. The petitioner husband has been a resident of that county all of his life.

Petitioner is a man of good character. He is financially able to rear and educate this child. The Department of Public Welfare has recommended this adoption as being for the best interest and welfare of the child.

However, at the time of the marriage of Peggy Ruth and the petitioner in 1958 he, the petitioner, was a member of the United States Navy. During his entire tenure in the Navy, including and up to the filing of this petition and the hearing thereon, he has been aboard ship away from Tennessee, except for short periods of time during

the past year, while on temporary leave or furlough, and has not been physically present in Tennessee for one (1) year next preceding the filing of the petition.

As amended by the 1959 Act, in so far as material to this case, the statute reads as follows:

"Any citizen of the United States over twenty-one (21) years of age may petition the chancery or circuit court to adopt a minor child and may pray for a change of the name of such child * * *; provided further, that the petitioner or petitioners shall have lived, maintained a home and been physically present in Tennessee, or on federal territory within the boundaries of Tennessee for one (1) year next preceding the filing of the petition without regard to petitioner's legal residence." 36-105 T.C.A. 1959 Supplement.

The footnote to this code section correctly states the following:

"The 1959 amendment substituted the words 'citizen of the United States' for the word 'person' at the beginning of the first sentence of the section, further substituted the words 'lived, maintained a home, and been physically present' for the word 'resided' following the words 'or petitioners shall have' and added the words 'without regard to petitioner's legal residence' at the end of the section."

Though the reason is not apparent to this Court, it must be presumed that the Legislature had some reason in mind in making the change which the 1959 amendment brought about. The fact that the Court does not perceive the reason is no justification for disregarding the amendment.

The language of the amendment makes it clear that, for reasons satisfactory to it, the Legislature, without regard to where the petitioner resided, be it Tennessee, or elsewhere, required that he shall have "been physically present * * * within the boundaries of Tennessee for one (1) year next preceding the filing of the petition" as a condition precedent to a right to maintain the adoption proceedings. No contrary meaning is reasonably attributable to the language employed by the amendment.

Therefore, for this Court to say the privilege of adoption may be extended to a resident of the State, notwithstanding the fact that such resident has not "been physically present" in the State for the required twelve (12) months, is for the Court, as the majority views it, to ignore the 1959 amendment.

The law does not permit the Court to construe the adoption statute as the petitioner insists. This is because

"* * * if the actual language and provisions of the statute are plain and clear, and are devoid of contradiction or any affirmative ambiguity, so that the statute, as the result of the express provisions, is not reasonably susceptible of a twofold meaning, then there is no room for applying any other rules or canon of construction to the act." *Hickman v. Wright,* 141 Tenn. 412, 418, 210 S.W. 447, 448. *Gilmore v. Continental Casualty Co.,* 188 Tenn. 588, 591, 221 S.W.2d 814.

Another rule conclusive of this case against the petitioner is reiterated in *Clements v. Morgan,* 201 Tenn. 94, 97, 296 S.W.2d 874, 875 as follows:

"We are of the opinion that this statute must be complied with *in all things.*

"(1) The right of adoption is not a natural one and was unknown to the common law. * * *

"(2) The adoption of a child is governed by statute and to effect a legal adoption it *must be strictly complied with.*" (Emphasis added.)

■ Since there is no common law right of adoption, as observed in *Clements v. Morgan,* supra, no right of adoption exists in Tennessee, except such as is given by statute. As the law now stands that right is given only by the 1959 statute carried at 36-105 1959 T.C.A. Supplement. If the Court is to ignore the provisions of that statute, then the right of adoption will not exist in Tennessee. If the 1959 statute is not to be ignored, then its requirements "must be strictly complied with".

■■ The argument that a compliance with the 1959 statute will result in the withholding of the right of adoption from Judges, Congressmen and others who are physically away from the State of Tennessee for periods of time each year is an argument directed not at the meaning of this statute, but is an argument directed at its supposed inadvisability. Its advisability or inadvisability is none of the Court's business. The decision of that question is solely a legislative prerogative. The Court cannot repeal it because it does not agree with it.

For the reasons stated, the majority of the Court, with Mr. Chief Justice PREWITT and Mr. Justice FELTS dissenting, feels compelled to affirm the judgment and tax the costs against plaintiff-in-error and his surety.

PREWITT, CHIEF JUSTICE (dissenting).

I respectfully dissent from the majority opinion and file this as a dissenting opinion in this case.

The petitioner, Walter Leon Van Huss, filed his petition in the Circuit Court of Roane County for the adoption of David Keith, his minor stepson.

The petition averred that David Keith was born on May 4, 1957; that petitioner and Peggy Ruth Van Huss, formerly Peggy Ruth Young, mother of David Keith, were married on May 31, 1958, in Roane County; that they had maintained their residence in Roane County continuously since their marriage; that the natural father had abandoned Peggy Ruth, mother of said minor, before the child was born and had never, during the entire life of the child, made any provision for said child.

Petitioner averred that he wanted to adopt said child as his own, he being the only father this child had ever known.

At the hearing before the trial judge, from all of the proof offered by the petitioner, including the testimony of the County Director of the Department of Public Welfare, the averments of the petition were found to be true and sustained by the proof; that the petitioner had been the legal resident of Roane County during his entire life and that his wife and said minor had lived and maintained a residence, provided by said petitioner, in Roane County during the entire marriage, and that this adoption was for the best interest and welfare of the child.

However, the court found that since the petitioner had been a member of the United States Navy during the entire marriage, and had been serving aboard ship for most of the time and had been physically present at home for only short periods of time during the past year while on temporary leave or furloughs, he had not been physically present in Tennessee, for one year next pre-

ceding the filing of the petition within the meaning of Tennessee Code Annotated Section 36-105, as amended, and the cause was dismissed.

The natural father was found to have abandoned the minor and the mother of the child, who joined in the petition for the purpose of giving her consent to the adoption, and it was further found by the court that this was a proper case for adoption upon the hearing of all the proof and the only question remaining was in regard to the construction of the statute.

The statute which is the subject of this appeal was amended by the 1959 Legislature. Prior to the 1959 amendment the act read as follows:

"Any person over twenty-one (21) years of age may petition the chancery or circuit court to adopt a minor child and may pray for a change of the name of such child. If the petitioner has a husband or wife living, competent to join in the petition, such spouse shall join in the petition; provided, however, that if the spouse of the petitioner is a natural parent of the child to be adopted, such spouse need not join in the petition but need only to give consent as provided herein; provided further, that the petitioner or petitioners shall have resided in Tennessee, or on federal territory within the boundaries of Tennessee for one (1) year next preceding the filing of the petition."

It will be noted, as is set forth in the Code Supplement immediately following the 1959 Act, that the 1959 Amendment substituted the words "citizen of the United States" for the word "person" at the beginning of the first sentence of the section, further substitutes the words "lived, maintained a home and been physically present"

for the word "resided" following the words "or petitioners shall have" and added the words "without regard to petitioner's legal residence" at the end of the section.

The petitioner, it appears from the proof, had resided in Roane County all of his life. His wife and the minor child also resided there. His physical presence, strictly speaking, was interrupted by his call for military duty and we do not think, under these circumstances, that the statutes contemplated that if the petitioner was called into the service of his country that would forfeit his rights to maintain such an adoption proceedings.

It has always been the rule that the welfare of the child is the controlling consideration in adoption cases as well as in custody cases.

It is the duty of the court, in interpretation of statutes, to ascertain and give effect to the legislative intent. *Athens Hosiery Mills v. Thomason,* 144 Tenn. 159, 231 S.W. 904; *Kitts v. Kitts,* 136 Tenn. 314, 189 S.W. 375; *Kelly & Co. v. State,* 123 Tenn. 516, 132 S.W. 193; *Sloan v. State,* 168 Tenn. 573, 79 S.W.2d 1021, 97 A.L.R. 1505.

It is not the form of a statute or the words that were used but the object intended and the result reasonably effected by their use that must control the determination of its validity and meaning. *Peay v. Graham,* 162 Tenn. 153, 35 S.W.2d 568.

The real intention will always prevail over the literal sense of terms. A thing may be within the letter of the statute and yet not within the statute unless it be within the intention of the maker. *Sparkman-Thompson v. Chandler,* 162 Tenn. 614, 39 S.W. 2d 741; *Byrd v. Pioneer-Jellico Coal Co.,* 180 Tenn. 396, 175 S.W.2d 542.

A statute may be construed where the language is not entirely clear with reference to the spirit, intention, and purpose. *State ex rel. Thomason v. Temple,* 142 Tenn. 466, 220 S.W. 1084; *Rawlins v. Braswell,* 191 Tenn. 285, 231 S.W.2d 1021.

Now, applying the principles of construction as set out in the above mentioned cases let us see what is the effect of the majority opinion.

I believe that the true purpose and intent of the amendment was not, as the trial judge construed it, to limit the act, but, on the contrary, was made for the purpose of broadening and extending the act. Taken in the strict construction as given by the trial judge, this would mean that no member of the Congress of the United States elected from the State of Tennessee could ever adopt a child in the State of Tennessee while serving in that office.

It would mean that no judge appointed to a position requiring his services outside the State of Tennessee could maintain a legal residence in Tennessee and take advantage of and make proper use of the adoption laws of the State of Tennessee while so serving, even on temporary assignments, and would mean that no person in the service of his country, serving outside of the State of Tennessee could ever take advantage of the adoption laws of this state while so serving. Carried to the strictest construction, this decision, if allowed to stand, would mean that any person who leaves the State of Tennessee for any period of time during the one year next preceding the filing of a petition would lose his right to use of the adoption laws.

Now, we all know that there are thousands of people residing in Tennessee, whose legal residence is in some border state.

I think that the true meaning of the amendment is to stop these "quickie" adoption proceedings and that it means that if a proposed petitioner seeks to adopt a child in this State, his legal residence being in some other state, he must become a bona fide resident of this State for one year next preceding the filing of the petition.

I do not mean to say that he could not, during this period of time, go off for a vacation or be temporarily absent but do think the intent of the statute is that he must be a bona fide resident within the statutory period of one year.

It might be further illustrated if one is injured on a state line and is taken to a hospital in a border state and there remain three months, six months or longer as a patient, this would forfeit his right to maintain an adoption proceeding in this State, because he was not physically present in this State twelve months next before the petition was filed.

An unlimited number of references could be made along this same line. I believe that the legislative intent was not to deny any citizen, who may have been outside of the State of Tennessee at some time during the past year, the right to take advantage of our adoption law, but rather that it was to extend to any citizen of the United States, who came into the State of Tennessee, and made this his principal place of residence for at least one year next preceding the filing of the petition, the right to use our adoption laws, even though this citizen's legal residence might be in some other state, as for ex-

ample, a member of the armed forces stationed in the State of Tennessee.

This amendment providing for a residence here of one year and physical presence, could well have been intended by the Legislature to give the Department of Welfare and others the opportunity to see that the proposed petitioner is a suitable person to have the custody of the child and adopt it.

For the foregoing reasons I feel constrained to dissent from the majority opinion and I would reverse the judgment of the lower court and the case proceeded with consistent with the views herein expressed.

FELTS, JUSTICE, joins in this dissent.