# THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff in Error, v. WILLIAM D. CLINE, Defendant in Error.—371 S.W. (2d) 158.

Eastern Section. April 23, 1963.

Heard by Western Section, at Knoxville.

Certiorari Denied by Supreme Court October 11, 1963.

Wilbur W. Piper, Knoxville, for plaintiff in error.

John B. Rayson and Andrew Johnson, Knoxville, for defendant in error.

BEJACH, J. In this cause, the Prudential Insurance Company appeals in error from a judgment against it in the sum of $4,559.73 rendered in favor of plaintiff, William D. Cline of Oak Ridge, Tennessee, on August 10, 1962 in the Circuit Court of Knox County. In this opinion, the parties will be referred to as plaintiff and defendant, or called by their respective names,—plaintiff being designated as Mr. Cline and defendant as Prudential, or as the Insurance Company. Suit in this cause was predicated on a group medical expense insurance certificate, executed to Union Carbide Nuclear Company, under which plaintiff holds Certificate Number GZ 12900. Plaintiff seeks recovery for expenses incurred on behalf of his son, Harvey Cline, as a patient at the Brown Schools of Austin, Texas, where he was admitted on or about September 8, 1958. The plaintiff's declaration alleges:

"The Brown Schools is a nationally recognized resident treatment center for children with mental or emotional disorders and offers, among other services, individual and group psychotherapy under the supervision of qualified psychiatrists, psychiatric

social workers, psychologists and other specialists of like character."

Also, by order allowing amendment, the following paragraph was added:

"The Brown Schools is an institution operated pursuant to law which is primarily engaged in providing for compensation from its patients medical, diagnostic and surgical facilities for the care and treatment of sick and injured persons on an in-patient basis, and provides such facilities under the supervision of a staff of physicians and has twenty-four hour a day nursing service by registered graduate nurses."

Under the terms of the insurance certificate here involved, plaintiff and his designated dependents, of whom his son Harvey Cline is one, are entitled to reimbursement for expenses incurred, as therein set out. Plaintiff's son was suffering from mental illness, and was, on advice and direction of plaintiff's physician, sent to the Brown Schools. Dr. Krounse was the physician who recommended that plaintiff send his son to the Brown Schools. His diagnosis and recommendations were concurred in by Dr. Myrtle Astracon. Harvey Cline remained in the Brown Schools on an in-patient basis from September 1958 until June 1960. According to the testimony of Donald Dobbins, a psychiatric social worker connected with the University of Tennessee, who was chief social worker in the Brown Schools during the time Harvey Cline was there, the main purpose of the Brown Schools is the treatment of emotionally disturbed children, with special educational courses provided, which are of secondary significance and used as an aid to treat-

ment. He said three methods of psychiatric treatment are administered there: (1) milieu therapy, (2) psycho therapy, (3) chemo therapy. Mr. Dobbin testified that the Brown Schools is a licensed institution providing medical, diagnostic and surgical facilities for compensation, on an in-patient basis, and under the supervision of doctors who are in attendance every day. He also testified that a registered nurse is on duty eight to nine hours per day and is available twenty-four hours per day, if needed. He testified that the institution, i.e., the Brown Schools, was referred to as a "school" rather than a "hospital" because the former term is more acceptable to parents. More specifically, he said, "Parents can better accept the idea of sending a child off to school than to an institution, particularly when to some people there is a stigma attached to sending a child to a mental hospital."

From the insurance certificate, under the head of "definitions," we quote, as follows:

"The term 'physician' means a physician or surgeon licensed to practice medicine and perform surgery.

"The term 'hospital' means an institution operated pursuant to law which is primarily engaged in providing for compensation from its patients, medical, diagnostic and surgical facilities for the care and treatment of sick and injured persons on an in-patient basis, and which provides such facilities under the supervision of a staff of physicians, with twenty-four hour a day nursing service by registered graduate nurses. In no event, however, shall such term include an institution which is principally a rest home, nursing home, or home for the aged.

\* \* \* \* \* \*

"ILLNESS—An illness will be deemed to mean a bodily disorder, mental infirmity, or bodily injury.

\* \* \* \* \* \*

"ELIGIBLE CHARGES—Eligible charges will be the charges actually made by the employee and qualified dependents on account of their illness for the following services, treatments and supplies ordered by a physician, except to the extent modified under 'exceptions' below:

"Hospital room and board (including all regular daily services), except for room and board charges over $20.00 for each day of confinement in a private room;

"All other hospital services for medical care and treatment exclusive of professional services;"

The facts of this case are, for all practical purposes, undisputed, and the essential features of same are as above set out.

At the end of plaintiff's proof, and again at the end of all of the proof, defendant made motions for a directed verdict in its favor, which motions were overruled. Also, at the end of all of the proof, plaintiff moved for a directed verdict, which motion was granted; and, under direction of the court, the jury returned a verdict in favor of plaintiff for the sum of $4,559.73.

The defendant moved for a new trial, which motion was overruled, after which its appeal in error to this court was perfected. In this court, as appellant, the defendant has filed five assignments of error.

By assignments of error, I, II, and III, defendant contends that there was no evidence to sustain the verdict of the jury as directed by the court, and that defendant's motions for directed verdict should have been **granted.** By assignments of error IV and V, defendant complains of the granting of plaintiff's motion for a directed verdict.

In our opinion, the defendant's assignments of error must be sustained on the ground that the Brown Schools, in which plaintiff's son was treated, is not a hospital within the meaning of that term as specifically defined in the insurance certificate sued on. The definition of ''hospital'' as contained in the provisions of the insurance certificate quoted above, is for emphasis repeated here, and same is as follows:

''The term 'hospital' means an institution operated pursuant to law which is primarily engaged in providing for compensation from its patients medical, diagnostic and surgical facilities for the care and treatment of sick and injured persons on an in-patient basis, and which provide such facilities under the supervision of a staff of physicians and with twenty-four hour a day nursing service by registered graduate nurses. In no event, however, shall such term include an institution which is principally a rest home, nursing home, or home for the aged.''

If the insurance certificate sued on in this cause had not specifically defined the term ''hospital,'' the Brown Schools, with the evidence about it being undisputed, might properly have been considered to be a hospital; but with the term ''hospital'' specifically defined, as above set out, the Brown Schools could not

properly be considered to be a hospital, under the definition contained in the certificate of insurance. The daily visit of a physician, whose office was in Austin, Texas, even when supplemented by frequent visits of other Austin physicians, cannot be considered as constituting, "a staff of physicians." Neither can the daily presence of one registered nurse for eight or nine hours at the school, even though she might be subject to being called back at any time during the period of twenty-four hours, constitute the "twenty-four a day nursing service by registered graduate nurses" required by the insurance certificate. One person, whether physician or nurse, cannot be considered as furnishing the supervision of a staff of physicians, nor nursing service for twenty-four hours per day by registered graduate nurses, both of which are required by the certificate.

■ ■ The language used in the insurance certificate here sued on is simple, clear, and unambiguous. Consequently, the principle of construction of insurance policies that they must be construed most strongly against the insurance company, does not come into operation. In such situation, it is the duty of the courts to apply the words used in their ordinary meaning, without favoring either party by construction of same. Brown v. Tennessee Auto Ins. Co., 192 Tenn. 60, 237 S.W.(2d) 553; Wallace v. State Farm Mut. Auto Ins. Co., 187 Tenn. 692, 216 S.W.(2d) 697; Gilmore v. Continental Casualty Co., 188 Tenn. 588, 221 S.W.(2d) 814; Bowlin v. State Farm Mut. Auto Ins. Co., 46 Tenn.App. 260, 327 S.W.(2d) 66; Interstate Life & Acc. Ins. Co. v. Houston, 50 Tenn.App. 172, 360 S.W.(2d) 71.

From the opinion of the Supreme Court in the case of Wallace v. State Farm Mutual Auto Insurance Company,

written by Mr. Justice Burnett, now Chief Justice, we quote as follows:

"There is no ambiguity in the language used in the policy before us. Where the insurance contract is not ambiguous it is our duty to apply to the words used their ordinary meaning and neither party is to be favored in their construction. Seay v. Georgia Life Ins. Co., 132 Tenn. 673, 179 S.W. 312, Ann.Cas. 1916E, 1157. The well recognized rule of construing language of an insurance policy most strongly against the insurance company (the one who writes the policy), Pacific Mut. Life Ins. Co. v. Galbraith, 115 Tenn. 471, 91 S.W. 204, 112 Am.St.Rep. 862, does not permit us or cause us to create an ambiguity where none exists." Wallace v. State Farm Mut. Auto Ins. Co. 187 Tenn. 692, 701, 216 S.W.(2d) 697, 701.

In Gilmore v. Continental Casualty Company, Mr. Justice Gailor, speaking for the Supreme Court, said:

"It is a familiar principle of construction that if the actual language and provisions of the document are plain and clear and are devoid of contradiction or any affirmative ambiguity, there is no judicial duty but to give the language its usual and ordinary meaning." Gilmore v. Continental Casualty Co., 188 Tenn. 591, 221 S.W.(2d) 815.

In the recent case of Interstate Life & Accident Insurance Co. v. Houston (1962), 50 Tenn.App. 172, 360 S.W.(2d) 71, where the question involved was whether or not the insurance company could be held liable for hospitalization of the insured, "resulting from insanity," under an insurance policy which expressly excluded that situation, and in which case this court, Court of Appeals,

Western Section, reversed and dismissed a judgment in favor of the insured, we said:

"Tried by the test of the above quoted authorities, it is our opinion that there is no ambiguity in the policy involved in the instant case, and that the hospitalization of plaintiff resulted from insanity, and, consequently, that defendant is not liable on the claim sued for."

By the same token, we think the judgment in the instant case must be reversed and this case dismissed. A reading of the record in the instant case, indicates that the trial judge may have been misled by reason of a controversy with counsel as to whether a psychiatrist may be properly classified as a "physician." That question in the instant case becomes immaterial in view of the fact that the definition of "illness," as set out in the insurance certificate, expressly includes "mental infirmity." By equally clear and unambiguous language it excludes institutions such as the Brown Schools of Austin, Texas, from its definition of the term "hospital." Plaintiff in the instant case must fail, not because the illness from which his son was suffering was not included under the insurance certificate but because the institution in which the son was treated for the illness was excluded.

Defendant's assignments of error will be sustained. The judgment recovered in the lower court will be reversed and the suit filed in this cause will be dismissed. The costs of the cause, including both those of the lower court and those of the appeal, will be adjudged against the plaintiff and the sureties on his cost bond.

Avery, (P. J. W. S.), and Carney, J., concur.