Ronald L. COKER, b/n/f William
L. Coker

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare.

Civ. A. No. 5061.

United States District Court
E. D. Tennessee, N. D.

April 1, 1965.

Francis W. Headman, Knoxville, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

Claimant herein, W. L. Coker, filed simultaneously on May 7, 1963 with the Department of Health, Education and Welfare a "DISABLED CHILD—STATEMENT REGARDING DISABILITY" and "APPLICATION FOR INSURANCE BENEFITS FOR CHILD OF LIVING WAGE EARNER. * *" In the application, claimant listed as an adopted child, Ronald Lewis Coker, whose birth date was February 4, 1940. The statement showed that Ronald Lewis Coker was "Mental retarded cerebral palsy;" that his disabling condition began at 17 months and that his formal education carried him through the eighth grade which he "passed socially only." Ronald Lewis Coker was the grandson of William L. Coker.

On the same date, May 7, 1963, claimant filed with the Department the following statement with respect to Ronald Lewis Coker:

"Ronald Lewis Leach has lived with me since he was 2½ years old. (The original birth certificate filed 2/24/40 is incorrect shows name Donald Lewis Leach.) The adoption was final 4–12–63. His mother died when he was 2½ years old. His father William Harrison Leach worked on construction work and went from one place to another. Their mother requested that we take him along with another child (hers) and raise them. (She was sick about 2 years before she died.) Their father said at the time that

he would rather the children Ronald Lewis Leach and Bobby A. Leach not be adopted by me at the time. It was never discussed anymore. He never supported the children at all. Their father lives somewhere in Dayton, Ohio."

The claim was denied on July 18, 1963 on the following ground:

"We cannot pay child's benefits on your claim because a requirement of the social security law is not met. That requirement is that the child must be the child, adopted child, or stepchild of the insured worker.

"There is no provision under the statutes of Tennessee for the adoption of a person over age twenty-one."

Claimant filed a Request for Reconsideration, stating:

"I have had Ronald for over 21 years. At the time I filed the representative told me I would have to adopt him so I did. The Court let me adopt him and I did it legally. Now you write me that there is no provision for the adoption of a child over 21 in Tennessee. I do not understand why the court let me adopt him if this is correct. I do not believe it is right or fair."

On October 4, 1963, the Department reiterated its position that "The law of Tennessee does not authorize the adoption of a person over age twenty-one" and affirmed the disallowance of the claim. Whereupon, on October 25, 1963 claimant requested a hearing, stating:

"I checked with the Judge who took care of the adoption preceeding (sic). He told me that the adoption was legal. Gave authority 'Michies Digest Vol. 1, pg. 196 and 36–116 Tenn. Code Annotated where over 18 yrs old."

A hearing was held and a copy of the Final Decree of Adoption in the Chancery Court at Clinton, Tennessee, No. 7482, dated 4–12–63 was filed as an exhibit. The Hearing Examiner filed his decision on December 17, 1963 "that Ronald L. Coker is the legally adopted son of William L. Coker and is entitled to the benefits for which he has made application."

The Appeals Council reversed this decision on January 5, 1963 on the ground that "The Tennessee Code provisions relative to adoption * * * do not * * * provide for the adoption of persons over the age of 21." The Appeals Council further stated:

"This case is before the Appeals Council on its own motion to review the hearing examiner's decision issued on December 17, 1963. The claimant was duly notified of this action by the Appeals Council and of his rights with respect thereto.

"In his decision, the hearing examiner found that Ronald L. Coker is the legally adopted son of William L. Coker and, therefore, is entitled to child's insurance benefits based on the earnings record of the 'adoptive father' for which application was made.

"The hearing examiner's statements of the evidentiary facts are adopted and incorporated herein by this reference. However, the Appeals Council does not adopt any of the inferences, findings, or conclusions of the hearing examiner based on the evidentiary facts.

"The issue before the Appeals Council is whether Ronald has the status of an adopted child of the wage earner under section 216(e) of the Social Security Act.

"The facts in this case are not disputed. The wage earner filed an application for child's insurance benefits on behalf of Ronald Lewis Leach, an alleged adopted child, who was born on February 4, 1940. Previously, Mr. Coker had been awarded old-age insurance benefits in the amount of $113 a month effective November 1960. It was determined that the child was under a disability which began before attainment of age 18. However, the claim

for child's insurance benefits was disallowed initially and on reconsideration on the basis that there is no provision under Tennessee law for the adoption of an individual over the age of 21 and, consequently, Ronald was not the 'child' of the wage earner within the meaning of the Social Security Act.

"The record contains a final decree of adoption in which the adoption of Ronald Lewis Leach by the claimant and his wife, Belle Coker, was approved by the Chancery Court in Clinton, Tennessee, on April 12, 1963. The decree recites, in part, that the person sought to be adopted was the grandson of the petitioners, that he was then 23 years of age, that he was a person 'non compos mentis,' and that he would continue to be known by the name of Ronald Lewis Leach (Exhibit 3)."

On July 17, 1964 a Petition was filed in this Court by William L. Coker for a determination of the issue whether Ronald L. Coker is the adopted child of the wage earner and that petitioner (Ronald L. Coker) have judgment against defendant, Anthony J. Celebrezze, Secretary of Health, Education and Welfare for the Social Security benefits that should be available to him under the child's insurance benefits. Although the petition may be inartistically drawn as a petition to review by claimant, it will be treated as such.

Section 202(d)(1) of the Act (42 U.S. C. § 402(d)(1)) provides in pertinent part, as follows:

"(d)(1) Every child (as defined in section 216(e)) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

"(A) has filed application for child's insurance benefits,

"(B) at the time such application was filed was unmarried and * * * (ii) was under a disability (as defined in section 223(c)) which began before attained the age of eighteen, and

"(C) was dependent upon such individual—

(i) if such individual is living, at the time such application was filed * * *

shall be entitled to a child's insurance benefit * * *."

Section 216(e) of the Act (42 U.S.C. § 416(e)) defines "child" to include the "legally adopted child" of an individual.

The facts are not in dispute. The sole question is one of law, whether the statutes of the State of Tennessee authorize the adoption of an adult.

Prior to the year 1951, when the Adoption Statute of the State of Tennessee was re-written by the Legislature (Acts of 1951, Chapter 202), there was no question but that an adult could be adopted in the State of Tennessee. In Craft v. Blass, 8 Tenn.App. 498, 508, the Court of Appeals for the Western Section stated:

"The seventh assignment contends that the adoption of complainant was void *because of her age.* * * *

"Under our statute of adoption there is no limitation on the age of the person to be adopted. The word 'child' as used in the statute refers to the relationship the party is to bear to the adopter and does not refer to the age of the person to be adopted. See sec. 5409, Shannon's Anno. Code; Baskette v. Streight, 106 Tenn., 549 [62 S.W. 142]; Sheffield v. Franklin, 151 Ala., 492 [44 So. 373, 12 L.R.A.,N.S., 884]; Moran v. Moran, 151 Mo., 555–558 [52 S.W. 377, 378]; Collamore v. Learned, 171 Mass. 99 [50 N.E. 518]; Succession of Caldwell, 114 La. 195, 38 So. 140.

"The language of our statute is 'any person wishing to adopt another as his child.' This is commented on in Baskette v. Streight, 106 Tenn., 554 [62 S.W. 142]. The State of Alabama has an adoption statute similar to ours except that it pro-

vides that a person may adopt a 'child.' The Supreme Court of that State held that a person over twenty-one could be adopted. Sheffield v. Franklin, 151 Ala., 492 [44 So. 373]; 12 L.R.A. (N.S.), 885, citing Moran v. Moran, 151 Mo., 555 [52 S.W. 377], and cases from Indiana and Massachusetts." (Emphasis added.)

Certiorari was denied by the Supreme Court January 12, 1929. See also Baskette v. Streight, 106 Tenn. 549, 554, 62 S.W. 142.

The Government relies upon the rule stated in In Re Van Huss' Petition, 207 Tenn. 168, 338 S.W.2d 588, and Clements v. Morgan, 201 Tenn. 94, 296 S.W.2d 874 to the effect that adoption was not known at common law and that adoption statutes must be strictly construed, and argues that applicable sections of the Tennessee statutes authorize filing of a petition to adopt only "a minor child." The Government sets forth the applicable provisions of the Tennessee Code as follows:

Section "36–103. *Persons to whom chapter applicable.*—Any person, irrespective of place of birth or place of residence, may be adopted in accordance with the provisions of this chapter."

Section "36–105. *Petition for Adoption — Parties — Residence.*—Any citizen of the United States over twenty-one (21) years of age may petition the chancery or circuit court to adopt *a minor child* (emphasis added) and may pray for a change of the name of such child. If the petitioner has a husband or wife living, competent to join in the petition, such spouse shall join in the petition; provided, however, that if the spouse of the petitioner is a natural parent of the child to be adopted, such spouse need not join in the petition but need only to give consent as provided herein; provided further, that the petitioner or petitioners shall have lived or maintained a regular place of abode in Tennessee, or on federal territory within the boundaries of Tennessee for one (1) year next preceding the filing of the petition without regard to the petitioner's legal residence. Provided, however, that where the petitioner is in military service stationed out of the state but had lived or maintained a regular place of abode within Tennessee for one (1) year next preceding entering military service, the aforesaid residence requirement shall not apply."

Section "36–116. *Consent when person to be adopted is eighteen or over—Waiver of investigation and report.*—When the person sought to be adopted is eighteen (18) years of age or older, only the consent of the person sought to be adopted shall be required, unless the person has been adjudicated non compos mentis in which event the consent of the natural or duly appointed guardian shall be required; the order of reference, social investigation, report to the court by licensed child-placing agency or the state department of public welfare, the waiting period and the interlocutory decree shall be waived."

■ Conceding the Government's contention that rather rigid procedures were enacted to be followed in the adoption of a minor child, the Court is unable to follow the argument of the Government that the adoption of persons over 18 years of age is precluded. Quite the contrary.

To begin with, Section 103 does not state that the "provisions of this chapter" relating to adoption are limited to minor children. An early draft of Section 35 of the Act of 1951 originally read:

"That in case of the adoption of an adult any part of the procedure as herein provided may be waived in the discretion of the Court."

By Senate Amendment No. 5, Section 35 was amended in 1951 to read:

"That the procedure as herein provided shall not apply to any per-

son over eighteen (18) years of age."

Sec. (1) of T.C.A. § 36–102 in the 1951 Act defined an "Adult person" as "any person who has attained the age of twenty-one (21) years." This section has not been deleted or modified. It is clear to this Court that by the amendment of 1951, the legislature excepted from the stringent procedures, applying to "minor children," "any person over eighteen (18) years of age." The language obviously does not rule out the adoption of adults, but embraces "any person over eighteen years" *including* adults. The language of the amendment refers to *"any person"* over eighteen years of age. It does not say any *child* over eighteen, it uses a broad term which obviously includes adults.

■ In the opinion of the Court, the conclusion of the Hearing Examiner was clearly right. The decision of the Appeals Council is reversed and it is ordered that the benefits prayed for on behalf of the incompetent adopted child, Ronald Lewis Coker, be paid.

If the Court had any doubts about the correctness of its conclusion, they have been dispelled by an Act of the Tennessee Legislature, passed March 16, 1965 and approved by Governor Clement on March 20, 1965, which has just been called to my attention. The Act reads:

"SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE, That Title 36, Chapter 1, Tennessee Code Annotated, be and the same is hereby amended by adding thereto the following:

" 'Nothing in this Chapter shall be construed as prohibiting the adoption of an adult person, and all adoptions of adult persons heretofore had in the Courts of this State, pursuant to the provisions of this Chapter, are hereby in all things ratified and confirmed.' "